Marcia DREW, Appellant,

v.

HARRISON COUNTY HOSPITAL AS-SOCIATION, d/b/a Marshall Regional Medical Center, Appellee.

No. 06–99–00097–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 13, 2000.

Decided May 9, 2000.

Steven L. Rushing, Longview, for appellant.

Fred E. Davis, Kenda B. Dalrymple, Davis & Davis, P.C., Austin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Marcia Drew appeals from a summary judgment rendered in favor of Harrison County Hospital Association, d/b/a Marshall Regional Medical Center in a premises liability suit.

On appeal, Drew contends that the trial court erred in granting a summary judgment because there was competent evidence, in the form of her affidavit, to create a genuine dispute as to a material fact.

Drew contends that on February 21, 1997, she was pinned by an elevator door while at Marshall Regional Medical Center (the Hospital). Drew filed suit against the Hospital on June 17, 1998, claiming that the Hospital was negligent in failing to properly maintain the premises, failing to warn invitees of the danger, failing to take reasonable steps to maintain the premises, and failing to have in place reasonable procedures or sufficient personnel to maintain the premises. Drew prayed for recovery of present and future medical expenses, physical pain and suffering, mental anguish, lost wages, and loss of earning capacity.

The Hospital responded with a general denial. The Hospital then filed both a no-evidence and a regular Motion for Summary Judgment on March 16, 1999. After a hearing on June 14, 1999, the trial court granted the Hospital's Motion for Summary Judgment, without stating the basis of its decision, only that the Motion for Summary Judgment was granted "in all respects."

To succeed in a premises liability suit a plaintiff must prove the following: 1) that the defendant had actual or constructive knowledge of some condition on the premises, 2) that the condition posed an unreasonable risk of harm, 3) that the defendant did not exercise reasonable care to reduce or eliminate the risk, and 4) that the defendant's failure to use reasonable care proximately caused the plaintiff's injuries.[1]

In a no-evidence motion for summary judgment, the burden is shifted to the nonmovant to present enough evidence to be entitled to a trial.[2] In order to succeed on a motion for summary judgment, the defendant must prove that no genuine issue of material fact exists as to at least one essential element of the plaintiff's cause of action and that the defendant is entitled to judgment as a matter of law.[3] When a summary judgment does not specify or state the grounds relied on, it will be affirmed on appeal if any of the grounds presented in the motion are meritorious.[4]

### No–Evidence Summary Judgment

Tex.R. Civ. P. 166a(i) states:

---

1. *Keetch v. Kroger Co.,* 845 S.W.2d 262 (Tex. 1992).

2. Tex R. Civ P. 166a(i).

3. Tex.R. Civ P. 166a(c); *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex. 1997).

4. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

A party moving for summary judgment under Rule 166a(i) must state in its motion which element of the adverse party's claim it alleges has no evidentiary basis. In its Motion for Summary Judgment, the Hospital specifically alleges that Drew has no evidence that the Hospital had "actual or constructive knowledge of some condition of the premises that posed an unreasonable risk of harm to its' [sic] invitees."

■■■ While the nonmovant is not required to marshal its proof at this point, the burden is now on the nonmovant to present evidence that raises a genuine fact issue on the challenged elements.[5] Since a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.[6] We must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented.[7] We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.[8] A no-evidence summary

judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact.[9]

■■■ The plaintiff produced two pieces of summary judgment proof. First, she produced her own sworn affidavit, including references to statements allegedly made by two women wearing hospital employee name badges. Second, she produced a deposition from Albert Sirmans, the director of engineering for the Hospital, in which he states that, while he had no knowledge of any problems with the elevator door, if an incident did occur as Drew describes it, then the elevator would pose an unreasonable risk of harm to the public.

Drew's only summary judgment proof of the Hospital's alleged actual or constructive knowledge is presented in her affidavit. In her affidavit, Drew stated that two women wearing hospital employee name badges witnessed the elevator door pin her shoulder and arm, and after she was freed, the women told her that this was not the first time "this had happened" and there had been other instances where people had "gotten caught" in the elevator door. Drew did not get the employees' names at the time of the incident and did not state them in her affidavit.

■■■ Drew contends that these statements are admissible as exceptions to the hearsay rule, specifically Rule 803(1), present sense impression; Rule 803(2), excited utterance; and Rule 803(24), statement against interest.[10] We find that a discussion of any exceptions to the hearsay rule is unnecessary. An objection that an affidavit contains statements of opinion or hearsay is an objection to the form of the affidavit.[11] "Defects in the form of affida-

---

5. Tex.R. Civ. P. 166a(i) notes and comments.

6. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.-Austin 1998, no pet.).

7. *Id.*

8. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

9. *Fiesta Mart, Inc.*, 979 S.W.2d at 70–71.

10. Tex.R. Evid. 803.

11. *Green v. Industrial Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex.App.-Houston [1st Dist.] 1999, no pet. h.)

vits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."[12] To preserve the error for appellate review, the objecting party must also obtain a ruling on the objection and have the objection reduced to writing, signed, and entered of record.[13] There is nothing in the record to indicate that the Hospital ever objected to the form of Drew's affidavit at the trial court level. By not objecting to the trial court, the Hospital waived any objections to the inclusion of hearsay in Drew's affidavit. Thus, the complaint was not preserved for this Court's review. TEX.R. EVID. 802 states, "Inadmissable hearsay admitted without objection shall not be denied probative value merely because it is hearsay."

■ The question is whether the affidavit presented more than a scintilla of probative evidence to raise a genuine issue of material fact.[14] More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."[15] Less than a scintilla of probative evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion."[16]

Considering all the evidence in a light most favorable to the nonmovant, Drew presented more than a scintilla of probative evidence of the Hospital's actual or constructive knowledge. The employees stated that this had happened before. It is a fair inference to say that, if these two

employees knew that this had happened before, other employees at the Hospital either knew or should have known of the problem. Alfred Sirman stated in his deposition that if an incident like the one alleged had occurred, then the elevator door posed an unreasonable risk of harm to the public. Because Drew presented more than a scintilla of probative evidence that the Hospital had actual or constructive knowledge of a condition on the premises that posed an unreasonable risk of harm, a no-evidence summary judgment was not appropriate.

### Regular Summary Judgment

Although the appellant does not address the Hospital's Motion for Summary Judgment based on TEX.R. CIV. P. 166a(c), we will consider the proof presented in determining if the summary judgment should be affirmed.

A defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists for the plaintiff's cause of action.[17] This may be accomplished by defendant's summary judgment evidence showing that at least one element of plaintiff's cause of action has been established conclusively against the plaintiff.[18] A summary judgment for the defendant disposing of the entire case is proper only if the plaintiff could not succeed as a matter of law on any theories pleaded.[19]

■ Neither party disputes that Drew qualifies as a invitee for purposes of a premises liability claim.[20] A land owner

12. TEX.R. CIV. P. 166a(f).

13. *Eads v. American Bank, N.A.,* 843 S.W.2d 208, 211 (Tex.App.-Waco 1992, no writ).

14. *Merrell Dow,* 953 S.W.2d at 711.

15. *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995).

16. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983).

17. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 166–67 (Tex.1987).

18. *Friendswood Dev. Co. v. McDade & Co.,* 926 S.W.2d 280, 282 (Tex.1996).

19. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983).

20. *See Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex.1975) (defining an invitee as one who enters the property of another "with the owner's knowledge and for the mutual benefit of both").

owes invitees a duty to exercise ordinary care to protect them from not only those risks of which the owner is actually aware, but also those risks of which the owner should be aware after reasonable inspection.[21]

As summary judgment proof, the Hospital produced affidavits from three people: the risk manager of the Hospital, and the supervisors of two elevator maintenance companies that had conducted inspections of the elevator both before and after the alleged incident occurred. The Hospital also produced business records from one of the elevator maintenance companies showing inspections shortly before and after the alleged incident, with no notations of any problems.

The Hospital attempts to prove that it conclusively met its duties to business invitees by offering proof of regular inspections of the elevator in question. However, the Hospital does not contend that proof of regular inspections negates any one element of the plaintiff's case. The Hospital implies that, since it regularly inspected the elevator, it had no knowledge of any malfunction or, alternatively, that there was no malfunction or dangerous condition.

The element in dispute is whether the Hospital had actual or constructive knowledge of an unreasonably dangerous condition. An invitee must show that a property owner either knew, or after reasonable inspection should have known, of an unreasonably dangerous condition before arguing that the owner breached a duty by failing to take any one of several precautions. Nevertheless, the Hospital's producing inspection records with a lack of notations of a problem does not prove as a matter of law that the Hospital did not have actual or constructive notice of some condition on the premises.

While the Hospital may use the inspection records at trial as part of its evidence to show that it had no knowledge, simply inspecting for a problem does not disprove that the Hospital knew of the problem. While regular inspections are necessary for the property owner to know if there is a dangerous condition on the premises, regular inspections do not prove the converse, that the property owner had no actual or constructive knowledge of a problem.

"Summary judgment should not be granted when the cause of action depends on proof of facts not ordinarily subject to absolute verification or denial, e.g., intent, reliance, reasonable care, or uncertainty."[22] Things like intent or reliance are subjective, not objective. Like intent or reliance, knowledge is subjective and not ordinarily subject to absolute verification or denial. While the regular inspections are circumstantial proof that the Hospital may not have known of any problems with the elevator door, they do not constitute evidence of the absence of knowledge that rises to the requisite level of proof as a matter of law. Therefore, the Hospital's summary judgment proof did not disprove any element of the plaintiff's case as a matter of law. Accordingly, summary judgment on this basis was inappropriate.

Whether or not the Hospital had knowledge of any problem with the opening and closing of the elevator doors is a fact question. To succeed at summary judgment, the Hospital would have had to have disproven one of the elements of the plaintiff's claim as a matter of law. The Hospital's summary judgment proof did not conclusively disprove any of the elements of the plaintiff's claim. Accordingly, summary judgment based on TEX.R. CIV. P. 166a(c) was not appropriate.

21. *Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex.1996).

22. *Wofford v. Blomquist,* 865 S.W.2d 612, 614 (Tex.App.-Corpus Christi 1993, writ denied); *see also Kolb v. Texas Employers' Ins. Ass'n,* 585 S.W.2d 870, 873 (Tex.Civ.App.-Texarkana 1979, writ ref'd n.r.e.).

The judgment of the trial court is reversed, and the case is remanded to the trial court for trial.