In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00087-CV


______________________________




DORIS A. DEROUEN, Appellant



V.



WAL-MART STORES, INC., Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 03-C-1379-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Doris A. Derouen (Derouen) filed suit against Wal-Mart Stores, Inc. (Wal-Mart) on
August 27, 2003, alleging she had fallen and suffered an injury while shopping at a Wal-Mart store. 
On April 10, 2006, Wal-Mart filed a "no evidence" motion for summary judgment. The trial court
granted Wal-Mart's motion. Derouen now appeals that ruling. We will affirm.

 Derouen's suit was filed August 27, 2003. Wal-Mart filed an answer September 11, 2003. 
On April 10, 2006, Wal-Mart filed a motion for summary judgment, alleging that there was no
evidence to support the claim of liability. Specifically, Wal-Mart alleged that Derouen could offer
no evidence to prove that there was any act by Wal-Mart which could have been the proximate cause
of Derouen's injuries. Derouen filed a response to the motion for summary judgment June 20, 2006. 
The trial court's order granting summary judgment in favor of Wal-Mart was signed June 30, 2006;
it stated that a hearing had been held June 26, 2006; the order was file-stamped July 6, 2006. (1) 

Untimely Response Cannot Be Considered

 Wal-Mart urges us to affirm the trial court's order on the reasoning that Derouen did not
comply with the requirements of Rule 166a(c). See Tex. R. Civ. P. 166a(c).

 When a defendant files a motion for a no evidence summary judgment which properly alleges
that there is a lack of evidence supporting one or more specific essential elements of the plaintiff's
cause of action, the trial court must grant the summary judgment unless the plaintiff timely responds,
presenting to the trial court evidence (more than a scintilla) which raises a genuine issue of fact
bearing on the challenged elements. Tex. R. Civ. P. 166a(i); City of Keller v. Wilson, 168 S.W.3d
802 (Tex. 2005); Trusty v. Strayhorn, 87 S.W.3d 756, 759 (Tex. App.--Texarkana 2002, no pet.);
Drew v. Harrison County Hosp. Ass'n, 20 S.W.3d 244 (Tex. App.--Texarkana 2000, no pet.). A
response to a motion for summary judgment must be filed at least seven days before the hearing on
the motion unless the trial court grants leave to allow a late response. Tex. R. Civ. P. 166a(c). If
the record contains no order or other affirmative evidence that the trial court granted leave to late file
a response or summary judgment evidence, it is presumed that the late filing was not properly before
the trial court and it cannot be considered on appeal to defeat summary judgment. Benchmark Bank
v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996); Alford v. Thornburg, 113 S.W.3d 575, 586 (Tex.
App.--Texarkana 2003, no pet.).

 There is nothing in the record to indicate that Derouen requested, or that the trial court
granted, leave to file the late response. The record contains no reporter's record of any hearing on
the motion for summary judgment. It is true that the certificate of service on Derouen's response
states that it was served on opposing counsel, "via TBS," June 19, 2006. The file stamp on the
response is prima facie rebuttable evidence of the date of its filing. Dallas County v. Gonzales, 183
S.W.3d 94, 103-04 (Tex. App.--Dallas 2006, pet. filed) (citing Mr. Penguin Tuxedo Rental & Sales,
Inc. v. NCR Corp., 787 S.W.2d 371, 371-72 (Tex. 1990) (per curiam)). Derouen did not attempt to
rebut this presumption. Nothing in the record before us indicates that Derouen filed a motion for 
new trial, and she has not addressed this argument in any briefing to this Court. 

 We conclude Derouen failed to comply with the timely filing requirements of Rule 166a(c)
of the Texas Rules of Civil Procedure and, accordingly, the tardy response which she did file could
not have been considered by the trial court. 

No Evidence of Causation

 Even if Derouen's response could be deemed timely filed, it contained no evidence to suggest
that any act or omission on Wal-Mart's part caused the injuries Derouen claimed to have suffered. 
The proximate cause element has two components: cause-in-fact and foreseeability. See Marathon
Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003). The test for cause-in-fact, or "but-for"
causation, is whether (1) the act or omission was a substantial factor in causing the injury and
(2) without the act or omission, the harm would not have occurred. Id. 

 Derouen attached several exhibits to her response to Wal-Mart's motion for summary
judgment. These exhibits included copies of treatment notes from her treating doctors; excerpts from
depositions of Derouen and her husband, which described the circumstances surrounding her fall in
the Wal-Mart store and which detailed the pain Derouen has continued to experience; and a copy of
Derouen's handwritten notes describing the accident. 

 After reviewing these documents, we find nothing which suggests that Wal-Mart was
responsible for any condition causing Derouen's fall. That is to say, the record is devoid of any
evidence suggesting an act or omission on the part of Wal-Mart which was a substantial factor in
causing Derouen's injury. See id. Absent at least a scintilla of such evidence, Derouen could not
meet the required showings for proximate cause. The trial court correctly granted Wal-Mart's motion
for no evidence summary judgment. 

 We affirm the judgment of the trial court. 



 Bailey C. Moseley

 Justice


Date Submitted: January 24, 2007

Date Decided: January 26, 2007

1. The trial court's order stated that there had been adequate time for discovery; the case had
twice been put on the dismissal docket for want of prosecution, and on both occasions was returned
to the trial docket at Derouen's request. 


ading 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00195-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

                                                           BENNIE
L. BENNETT

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Bennie L. Bennett has filed a pro se
petition for writ of mandamus asking this Court to order Mellinda Craig, the
District Clerk of Harrison County, to forward his writ of habeas corpus,
pursuant to Tex. Code Crim. Proc. Ann.
art. 11.07 (West Supp. 2010), to the trial court.

            This Court does not have mandamus
jurisdiction over district clerks except when necessary to enforce our
jurisdiction.  Tex. Govt Code Ann. § 22.221 (West 2004); In re Coronado, 980 S.W.2d 691, 69293
(Tex. App.San Antonio 1998, orig. proceeding) (per curiam) (for district clerk
to fall within jurisdictional reach of court of appeals, must establish that
mandamus is necessary to enforce court of appeals jurisdiction).  Bennett has not alleged facts sufficient for
the district clerk to fall within our jurisdictional reach.  

For the reasons stated, we deny Bennetts
petition for writ of mandamus.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          September 26, 2011

Date
Decided:             September 27, 2011

 

Do Not Publish