

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00724-CV

Jesse **VEGA**,
Appellant

v.

**AUTOZONE WEST, INC.** d/b/a Autozone and Autozone,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-07217
Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:  June 5, 2013

REVERSED AND REMANDED

Jesse Vega appeals the trial court's grant of AutoZone West, Inc.'s no-evidence motion for summary judgment. AutoZone's motion for summary judgment alleged Vega could not produce any evidence to establish AutoZone knew or reasonably should have known of a defect on its premises. Vega attached his deposition testimony to his response as evidence to support his claim. The trial court granted AutoZone's motion for summary judgment. In a single point of error, Vega asserts that his deposition testimony provided more than a scintilla of evidence as to each element of his cause of action.

**BACKGROUND**

One afternoon, Vega, his son, and his grandson visited an AutoZone store to buy new brakes for Vega's vehicle. When Vega stepped out of his vehicle, he slipped on an oil spill in the AutoZone parking lot. As a result of his fall, Vega suffered injuries to his neck and back. Thereafter, Vega filed a premises liability lawsuit seeking personal injury damages.

As part of the discovery process, AutoZone took Vega's deposition. During his deposition, Vega stated that another customer helped him up, and that Vega then proceeded to enter the AutoZone store. Vega testified that immediately after he entered the store, another customer told an AutoZone employee: "Didn't I just tell you. I'm the fifth person to come in here and tell you about that oil spill and you guys waited until somebody got hurt [to do something]." The manager then hurried to cover the oil spill. Shortly thereafter, Vega spoke with the manager about his fall and injuries.

After taking Vega's deposition, AutoZone filed a no-evidence motion for summary judgment alleging there was no evidence that AutoZone knew or reasonably should have known of the oil spill. Vega filed a response to AutoZone's motion, citing his deposition testimony, including the customer's statement to the manager, as evidence of each of the elements of his cause of action. Without stating the specific reasons for its decision, the trial court granted AutoZone's motion for summary judgment.

**SUMMARY JUDGMENT**

### A. *Standard of Review*

A party may move for a no-evidence summary judgment by alleging there is no evidence of at least one essential element of a claim or defense of the opposing party. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). "[A] reviewing court must examine the entire record in the light most favorable to the nonmovant, indulging every

reasonable inference and resolving doubt against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005); *see also IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). We credit evidence favorable to the nonmovant if a reasonable fact finder could, and we disregard contrary evidence unless a reasonable fact finder could not. *Gish*, 286 S.W.3d at 310; *City of Keller*, 168 S.W.3d at 827.

The nonmovant must produce more than a scintilla of evidence that raises a genuine issue of material fact on the contested elements in order to avoid summary judgment. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

### B. *Notice of Unreasonably Dangerous Condition*

When the plaintiff is an invitee on a premises, he must prove the following in order to succeed on a premises liability claim:

(1) a condition of the premises created an unreasonable risk of harm to the invitee;

(2) the owner knew or reasonably should have known of the condition;

(3) the owner failed to exercise ordinary care to protect the invitee from danger; and

(4) the owner's failure was a proximate cause of injury to the invitee.

*Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009) (per curiam); *see also CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

The only element disputed in AutoZone's no-evidence motion for summary judgment was whether AutoZone had notice of the oil spill. In order for Vega to meet his burden of proof on this element at trial, he would be required to prove that AutoZone had actual or constructive notice of the oil spill. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). "A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.*

In its motion for summary judgment, AutoZone merely stated that Vega had requested no discovery and adduced no evidence that AutoZone knew or should have known of the oil spill. In his response, Vega relied upon his deposition as evidence supporting his cause of action, specifically alleging that the customer's statement about being the fifth person to warn the employees of the spill was evidence that AutoZone had notice of the dangerous condition. AutoZone's motion did not allege that Vega's deposition testimony regarding the customer's statement was inadmissible hearsay, AutoZone did not object to the statement during Vega's deposition, nor did AutoZone file any objections to Vega's reliance on the customer's statement in his response to AutoZone's motion for summary judgment.

On appeal, AutoZone argues for the first time that the customer's statements were inadmissible hearsay that could not be considered by the trial court as evidence of notice. At oral argument, AutoZone stated that the only issue discussed at the summary judgment hearing was whether or not the customer's statement was inadmissible hearsay. Consequently, AutoZone argued, this issue was properly put before the trial court in a manner functionally equivalent to

an objection to Vega's summary-judgment proof. While we understand this argument and the likely reasoning of the trial judge's decision, the summary judgment hearing is not part of the appellate record and there is no other evidence in the appellate record to show any objection to Vega's offer of proof as inadmissible hearsay. Thus, as discussed below, we are bound to conclude the hearsay complaint has been waived.

### 1. Hearsay Complaint Waived

Texas Rule of Appellate Procedure 33.1 permits a complaint to be raised on appeal only if "the complaint was made to the trial court by a timely request, objection, or motion." TEX. R. APP. P. 33.1(a); *see also Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 317 (Tex. 2012). The complaint must be sufficiently specific and made in accordance with Texas Rules of Evidence and Texas Rules of Civil and Appellate Procedure. TEX. R. APP. P. 33.1(a)(1). Texas Rule of Evidence 802 states that "[i]nadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." TEX. R. EVID. 802. This portion of Rule 802 has been applied to summary judgment proceedings. *Casas v. Gilliam*, 869 S.W.2d 671, 673 (Tex. App.—San Antonio 1994, no writ); *see also Drew v. Harrison Cnty. Hosp. Ass'n*, 20 S.W.3d 244, 247–48 (Tex. App.—Texarkana 2000, no pet.); *Morrison v. Pinkerton Inc.*, 7 S.W.3d 851, 855 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Additionally, Texas Rule of Civil Procedure 166a provides that "[t]he motion for summary judgment shall state the specific grounds therefor," and "[i]ssues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c); *see also Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993).

Further, many courts have distinguished between defects of substance, which can be raised for the first time on appeal, and defects of form, which require an objection and

opportunity to amend before being raised on appeal.[1] *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 507 (Tex. App.—El Paso 2010, no pet.); *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 697–98 (Tex. App.—Dallas 2008, no pet.); *cf. Moritz v. Bueche*, 980 S.W.2d 849, 854 (Tex. App.—San Antonio 1998, no pet.) (using the type-of-defect analysis to dispose of one complaint, but relying on rules of evidence to decide another). Numerous appellate courts have expressly determined that hearsay is a defect of form, and thus waived if no objection is made in the trial court. *Rockwall Commons Assocs.*, 331 S.W.3d at 507; *Willis v. Nucor Corp.*, 282 S.W.3d 536, 547–48 (Tex. App.—Waco 2008, no pet.); *Cooper*, 254 S.W.3d at 697; *Tri-Steel Structures, Inc. v. Baptist Found. of Tex.*, 166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied); *EOG Res., Inc. v. Wall*, 160 S.W.3d 130, 134 (Tex. App.—Tyler 2005, no pet.); *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Drew v. Harrison Cnty. Hosp. Ass'n*, 20 S.W.3d 244, 247–48 (Tex. App.—Texarkana 2000, no pet.); *Harris By and Through Harris v. Spires Council of Co-Owners*, 981 S.W.2d 892, 897 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *cf. Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 234 (Tex. 1962) (stating that the defects raised "appear to be purely formal" and "not obviously based on hearsay," and indicating reliance on the requirement that special exceptions be made to avoid waiver of defects of form). *But see Natural Gas Clearinghouse v. Midgard Energy Co.*, 23 S.W.3d 372, 380 (Tex. App.—Amarillo 1999, pet denied). This analysis is ordinarily applied to hearsay statements made in affidavits; however, we see no reason to treat hearsay statements in depositions any

---

[1] Determining which issues are defects of form and which are defects of substance can produce inconsistent results. *See* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.10(1)(b) (3d ed. 2012). Thus, we believe it is better to follow the general rules for preservation absent an exception recognized by the Texas Supreme Court. *See Montgomery Cnty.*, 365 S.W.3d at 317; *see also* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.10(1)(d) (3d ed. 2012) (explaining that *Montgomery County* was based on Rule 33.1 instead of the type of defect); *cf. Casas v. Gilliam*, 859 S.W.2d 671, 673 (Tex. App.—San Antonio 1994, no writ) (relying on Rule 802 when refusing to deny probative value to hearsay statements made without objection).

differently. *See Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.); TEX. R. CIV. P. 166a(f); TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.03(7)(b) (3d ed. 2012).

Accordingly, AutoZone's failure to lodge a hearsay objection in the trial court waived its complaint for appellate review.

  2. *Vega's Deposition Testimony Was Proper Summary-Judgment Evidence*

On appeal, AutoZone also appears to assert that Vega's deposition testimony was improper summary-judgment evidence because it was uncorroborated self-serving testimony. In *Morgan v. Anthony*, the Texas Supreme Court provided guidance on this issue. 27 S.W.3d 928 (Tex. 2000) (per curiam). In *Morgan*, the defendant moved for summary judgment and, in response, the plaintiff presented summary-judgment evidence consisting of excerpts from the plaintiff's deposition and the plaintiff's answer to an interrogatory. *Id.* at 929. The court recognized that a party generally cannot rely on its own answers to interrogatories as summary-judgment evidence, but concluded that such evidence became competent when it was affirmed in her deposition. *Id.*; *see also Evans v. MIPTT, L.L.C.*, No. 01-06-00394-CV, 2007 WL 1716443, at *5 (Tex. App.—Houston [1st Dist.] June 14, 2007, no pet.) (recognizing that a party's interrogatories cannot be considered as its summary-judgment evidence, but stating that the court could properly consider excerpts from the party's deposition as that party's evidence opposing summary judgment). The court's opinion indicates that a party's deposition testimony is more reliable than other forms of self-serving statements and is proper summary-judgment evidence, even without independent corroboration. *Morgan*, 27 S.W.3d at 929. Likewise, it is important to note that the court determined the plaintiff had presented more than a scintilla of evidence of each element of her cause of action even though the court looked only to statements made by the plaintiff (her interrogatory answer and deposition). *Id.* at 931.

Further, it is sensible for a party's deposition to be properly considered as summary-judgment evidence because a deposition has guarantees of trustworthiness that other discovery responses lack. For instance, a deposition is taken under oath and with penalty of perjury, similar to an affidavit. *See Well Solutions*, 32 S.W.3d at 317 (citing TEX. GOV'T CODE ANN. § 312.011(1) (West 1998)). Additionally, the deponent is subject to cross-examination. *Morgan*, 28 S.W.3d at 929. Indeed, in the case at bar, Vega was questioned only by AutoZone's attorney, and AutoZone's attorney questioned Vega extensively on the customer's statement. Such questioning provided AutoZone an opportunity to reveal any inconsistencies or doubts about what Vega overheard the customer say.

The question becomes whether Vega's deposition testimony regarding the customer's statement is more than a scintilla of evidence that AutoZone had notice of the oil spill. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582. This court must consider the evidence in the light most favorable to Vega and, thus, we will assume Vega's deposition testimony is true. *City of Keller*, 168 S.W.3d at 824. "To raise a genuine issue of material fact, however, the evidence must transcend mere suspicion. Evidence that is so slight as to make any inference a guess is in legal effect no evidence." *Ford Motor Co.*, 135 S.W.3d at 601. In *Farrar v. Sabine Mgmt. Corp.*, the court of appeals determined there was a fact issue of whether the defendant had notice of a slippery ramp based on the plaintiff's deposition testimony that an employee told him another person had slipped on the ramp earlier that same day. 362 S.W.3d 694, 700–01 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Additionally, in *Strandberg v. Spectrum Office Bldg.*, this court determined that the defendant had notice of a slick walkway based on the plaintiff's deposition testimony that she had previously warned the defendant of the condition and that the defendant knew other people had previously slipped on the walkway. 293 S.W.3d 736, 741–42 (Tex. App.—San Antonio 2009, no pet.). Under these two cases, as well as *Morgan*, we

conclude that Vega's deposition testimony provides more than a scintilla of evidence that AutoZone had or reasonably should have had notice of the spill.

## CONCLUSION

AutoZone waived its complaint regarding the alleged hearsay statement in Vega's summary-judgment evidence. Additionally, Vega's deposition testimony is proper summary-judgment evidence, and the trial court erred in determining that Vega failed to present more than a scintilla of evidence to defeat AutoZone's motion for summary judgment. Accordingly, the judgment of the trial court is reversed and this cause is remanded to the trial court.

Catherine Stone, Chief Justice