Opinion filed July 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

                                                                              

                                                          No. 11-07-00321-CV 

                         _________

 

PERMIAN BASIN COMMUNITY CENTERS

FOR MENTAL HEALTH AND MENTAL RETARDATION, Appellant

vs.

SHEILA LIMON, Appellee

 



 

                                         On
Appeal from the 358th District Court

                                               Ector
County, Texas

                                                Trial
Court Cause No. D-124,033

 



 

                                             M
E M O R A N D U M   O P I N I O N

Sheila
Limon sued Permian Basin Community Centers for Mental Health and Mental
Retardation (PBCC) for fraud.  PBCC responded by filing a plea to the
jurisdiction in which it asserted sovereign immunity.  The trial court denied
the plea, and this appeal followed.  Because we believe that the trial court
erred when it denied the plea to the jurisdiction, we reverse and render.  








PBCC
argues that it is entitled to sovereign immunity from this suit and that the
trial court should have granted its plea to the jurisdiction.  We agree.  

 A
plea to the jurisdiction is an appropriate way to raise the issue of sovereign
immunity and to challenge the trial court=s
subject-matter jurisdiction.  Tex. Dep=t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex.
2004).  Whether a court has subject-matter jurisdiction involves a question of
law.  Tex. Natural Res. Conservation Comm=n v. IT‑Davy, 74 S.W.3d 849, 855 (Tex.
2002).  In this case, the trial court apparently heard no evidence in
connection with the plea to the jurisdiction, and our review is directed toward
the pleadings.

Construing
the pleadings liberally in favor of the plaintiff and looking at the plaintiff=s intent, we review de novo
the question of whether facts have been alleged that affirmatively demonstrate
a trial court=s
subject-matter jurisdiction.  Tex. Dep=t
of Parks & Wildlife, 133 S.W.3d at 226; Tex. Ass=n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).   Where, as here, a plea to
the jurisdiction challenges the pleadings, we review those pleadings to
determine whether the plaintiff has alleged facts that affirmatively show that
the court has jurisdiction to hear the case.  Tex. Dep=t of Parks & Wildlife,
133 S.W.3d 226.  If the pleadings do not affirmatively show the trial court=s jurisdiction, but do not
affirmatively show that there are incurable defects in jurisdiction, the trial
court should give the plaintiff an opportunity to amend.  Id. at 226-27. 
If the pleadings negate the existence of jurisdiction, then the trial court may
grant the plea without allowing the plaintiff an opportunity to amend.  Id.
at 227. 

Immunity
from suit prohibits a suit against the State or its subdivisions (such as PBCC)
unless the legislature grants consent.  Ben Bolt‑Palito Blanco Consol.
Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self‑Ins.
Fund, 212 S.W.3d 320, 323-24 (Tex. 2006); Gen. Servs. Comm=n v. Little‑Tex
Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001); Tex. Dep=t of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999); Eastland County Coop. Dispatch v. Poyner,
64 S.W.3d 182 (Tex. AppCEastland
2001, pet. denied).  Sovereign immunity encompasses two basic concepts:  (1)
immunity from suit and (2) immunity from liability.  Little‑Tex,
39 S.W.3d at 594.  Here, we are concerned only with the concept of immunity
from suit.








PBCC
was created under the authority of Tex.
Health & Safety Code Ann. ch. 534 (Vernon 2003 & Supp. 2007). 
Chapter 534 authorizes the Texas Department of Mental Health and Mental
Retardation to provide various services relating to mental health, mental retardation,
and chemical dependency.  Chapter 534 does not provide specifically for waiver
of sovereign immunity under these circumstances.

Limon
has sued PBCC for fraud.  Her pleadings show that she was working as a
contractor for PBCC from April 2000 until January 2005.  During this time, and
pursuant to her contract with PBCC, Limon cared for several physically or
mentally challenged children in her home.  She maintains in her petition that
PBCC paid her approximately $1,650 per month.  She further claims that, Afor years,@ PBCC shorted her, and
others, $275 each month.  Although PBCC, in its brief, explains the reason for
this Ashortage,@ according to the record we
have been furnished, a clerk=s
record only, there were no pleadings or evidence offered regarding that reason.[1] 
Be that as it may, Limon claims that PBCC defrauded her, and others, by
withholding those monies from her monthly check. 

The
legislature has provided for waiver of sovereign immunity, under certain
circumstances, in the Texas Tort Claims Act. See, e.g., Tex. Civ. Prac. & Rem. Code Ann. '' 101.021, .025 (Vernon
2005).  However, by the specific terms of the act, the waivers do not apply to
intentional torts such as fraud.  Tex.
Civ. Prac. & Rem. Code Ann. '
101.057 (Vernon 2005).








When
we measure Limon=s
pleadings against law pertaining to sovereign immunity and against the
provisions of the Texas Tort Claims Act, her fraud claim cannot stand against
PBCC=s plea to the
jurisdiction.  Fraud is an intentional tort, and, again, by its very terms, the
Tort Claims Act=s
waiver of immunity does not apply to intentional torts.  Section 101.057; Gen.
Elec. Co. v. City of Abilene, 795 S.W.2d 311, 313 (Tex. App.CEastland 1990, no writ). 
Limon relies upon Dillard v. Austin Independent School Dist., 806 S.W.2d
589 (Tex. App.CAustin
1991, writ den=d). 
Even assuming the continuing authority of Dillard on some of its points,
it does correctly hold that the Tort Claims Act does not apply to intentional
torts.  See Dillard, 806 S.W.2d at 597.  Limon=s own pleadings negate the trial court=s jurisdiction over her
claim.  Because it is not possible for Limon to amend the petition to make her
only claim, the intentional tort of fraud, viable against a claim of sovereign
immunity, it is not necessary to allow Limon the opportunity to amend her
petition before dismissing her lawsuit.  The trial court erred when it denied
PBCC=s plea to the
jurisdiction.  PBCC=s
sole issue on appeal is sustained.

We
reverse the judgment of the trial court and render a judgment of dismissal of
Limon=s suit against
PBCC.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 10, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Boyd, J.[2]










[1]Limon had brought this and other claims against PBCC in
a federal district court.  We cannot tell from the record before us just how
much of the circumstances of the federal case were presented to the state trial
court.  However, both parties address the federal case in their briefing to
us.  Summary judgment was apparently granted in favor of PBCC on all claims
except the fraud claim.  The federal district court dismissed the fraud claim
without prejudice.  Limon appears to make the argument that the federal
district court=s order dismissing the fraud claim without prejudice
somehow gives the state trial court jurisdiction of the claim.  To the
contrary, the federal district court simply declined to exercise supplemental
jurisdiction over that claim and did not address the jurisdictional issue now
before us.





[2]John T. Boyd, Retired Chief Justice, Court of Appeals,
7th District of Texas at Amarillo sitting by assignment.