**GENERAL ELECTRIC COMPANY, Appellant,**

v.

**CITY OF ABILENE, Appellee.**

No. 11–89–276–CV.

Court of Appeals of Texas, Eastland.

Aug. 23, 1990.

Mary Ann Fergus, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellant.

Claudia Clinton, City of Abilene, Abilene, for appellee.

OPINION

McCLOUD, Chief Justice.

This is a summary judgment case. General Electric Company (G.E.) filed suit against the City of Abilene (City) for fraud. G.E. alleged that certain City staff mem-

bers made false, misleading, and incorrect representations while soliciting bids for the purchase of mobile communications equipment to be used by the City's police and fire departments. The trial court granted a summary judgment in favor of the City. We affirm.

In 1987, the City released Request for Proposal 225 soliciting bids for mobile communications systems to be used by its police and fire departments. At a pre-bid conference conducted by the purchasing department, the City failed to indicate that the proposal for the mobile communications equipment was subject to the high technology procurement requirements as specified in Tex. Local Gov't Code Ann. § 252.001(4) and § 252.042 (Vernon 1988 & Supp.1990). The City awarded the contract for the mobile communications equipment to Motorola. Thereafter, G.E. informed the City of their failure to comply with the high technology procurement law. G.E. further contended that, during this pre-bid conference, certain City staff members knowingly and intentionally made false and misleading representations regarding the proposal process and evaluation criteria upon which they detrimentally relied. The City voided the Motorola contract and initiated a bidding process in compliance with the high technology procurement statute. The City then released Request for Proposal 253 to which G.E. did not submit a proposal. The contract was again awarded to Motorola. G.E. sued the City for fraud based upon the alleged false and misleading representations made during the proposal process. G.E. sought $65,000 in actual damages, $100,000 in exemplary damages, and $25,000 in attorney's fees.

The City moved for summary judgment urging that the City was not amenable to the suit brought by G.E. as a matter of law. The City alleged that they were engaged in a governmental function when procuring the mobile communications system for the police and fire departments. The City further urged that their governmental immunity from intentional torts was expressly preserved by Section 101.057 of the Texas Tort Claims Act, TEX.CIV. PRAC. & REM.CODE ANN. § 101.001 et seq. (Vernon 1986 & Supp.1990).

The trial court granted summary judgment declaring that: (1) the City's activity in a bidding process was a governmental function enjoined upon the City of Abilene by statute; (2) the City of Abilene had sovereign immunity while engaged in a governmental function except as waived by the Texas Tort Claims Act; (3) plaintiff had not shown a cause of action within the limited waiver of immunity of the Texas Tort Claims Act; and (4) the Texas Tort Claims Act specifically preserved the City's immunity from an intentional tort such as alleged by plaintiff.

G.E. first argues that the trial court erred in granting the summary judgment because genuine issues of material fact exist as to whether the bidding process was proprietary or governmental. We disagree.

■ The record reflects that the City was requesting proposals for police and fire department communications equipment. Section 101.0215 of the Texas Tort Claims Act defines governmental functions as "those functions that are enjoined on a municipality by law," and proprietary functions as "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality." The City was required to comply with the competitive bidding and competitive proposal requirements prescribed in TEX. LOCAL GOV'T CODE ANN. § 252.021 (Vernon Supp.1990). As such, the City's bid solicitation process, a statutorily required procedure, was the exercise of a governmental function. *Pontarelli Trust v. City of McAllen*, 465 S.W.2d 804, 810 (Tex.Civ.App.–Corpus Christi 1971, no writ); *Sarmiento v. City of Corpus Christi*, 465 S.W.2d 813, 815–816 (Tex.Civ. App.–Corpus Christi 1971, no writ).

■ G.E. further argues that if the bidding process was a governmental function then genuine issues of material fact exist as to whether the City's actions constituted

an "intentional tort" under the Texas Tort Claims Act.[1] We disagree.

Section 101.021 of the Texas Tort Claims Act provides generally for governmental liability:

(1) for property damage, personal injury, or death arising from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(2) for personal injury and death caused by a condition or use of tangible personal or real property.[2]

When the statute does not apply, immunity is still the rule. *McCord v. Memorial Medical Center Hospital,* 750 S.W.2d 362 (Tex.App.–Corpus Christi 1988, no writ); *Townsend v. Memorial Medical Center,* 529 S.W.2d 264, 267 (Tex.Civ.App.–Corpus Christi 1975, writ ref'd n.r.e.).

On appeal, G.E. contends that immunity was waived since the intentional tort exemption found in Section 101.057 does not apply to its claim based on "negligent, fraudulent misrepresentations" as opposed to "intentional fraud." We note that G.E. specifically alleged in its pleading that the City "knowingly and intentionally" made "false and misleading" statements directly to them during the bidding process and was "willful and malicious" in doing so. G.E.'s "negligence" assertions on appeal were not expressly presented to the trial court by pleadings, written motion, answer, or other response, and cannot be considered as grounds for reversal. TEX.R. CIV.P. 166a; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

Section 101.057 limits the waiver of governmental immunity under the Texas Tort Claims Act and provides that claims arising out of an intentional tort are not actionable. *McCord v. Memorial Medical Cen-*

*ter Hospital,* supra. G.E.'s pleadings clearly allege an intentional tort.

The judgment of the trial court is affirmed.

---

1. Section 101.057 provides:
   This chapter does not apply to a claim:
   (1) based on an injury or death connected with any act or omission arising out of civil disobedience, riot, insurrection, or rebellion; or
   (2) arising out of assault, battery, false imprisonment, or any other *intentional tort,* including a tort involving *disciplinary action* by school authorities. (Emphasis added)

2. The City did not urge in its motion for summary judgment that the cause of action for fraud did not come within the limited scope of governmental liability specified in Section 101.-021. Also, the City's motion for summary judgment did not allege that the damages sought by G.E. (employee time and resources to prepare its bid) did not constitute "property damage" or "personal injury" as contemplated by Section 101.021.