Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00287-CV 

                                                    __________

 

                      TEXAS STATE TECHNICAL COLLEGE, Appellant

 

                                                             V.

 

                                        RONNIE
WEHBA, Appellee

 



 

                                             On
Appeal from the 32nd District Court

 

                                                             Nolan
County, Texas

 

                                                      Trial
Court Cause No. 18,627

 



 

                                             M
E M O R A N D U M  O P I N I O N

 

The trial court denied the plea to the
jurisdiction filed by Texas State Technical College (TSTC) in which it alleged
that it was immune from suit.  We find
TSTC is immune from liability for Ronnie Wehba=s
claims and reverse.

Background Facts








In February 2003, Wehba, an employee of TSTC, was
accused of stealing TSTC property.  While
conducting a search of Wehba=s
home, TSTC employees found the property they believed to be stolen and took it
into their possession.  TSTC subsequently
terminated Wehba=s
employment and allegedly made false statements about Wehba=s possession of the property.  Six weeks later, TSTC returned the property
to Wehba after discovering that it was not stolen.

In February 2005, Wehba sued TSTC alleging claims
for invasion of privacy, conversion, libel, slander, and intentional infliction
of emotional distress.  In response, TSTC
filed a plea to the jurisdiction alleging that it enjoyed sovereign immunity
from suit.  The trial court denied the
plea,  and TSTC filed this interlocutory
appeal from that order.    

Issues

Appellant challenges the trial court=s ruling with two issues.  First, appellant asserts that Tex. Educ. Code Ann. ' 135.55
(Vernon 2002), which provides that TSTC Amay
sue, and may be sued,@
is not a clear and unambiguous waiver of immunity from suit.  Second, appellant argues that, even if
Section 135.55 waives TSTC=s
immunity from suit for some purposes, its immunity from suit for intentional
torts is preserved.

Discussion

We need not address TSTC=s
first issue on appeal because we agree with TSTC on its second issue, that
immunity from suit is preserved for causes of action alleging intentional
torts. 

Even if we were to hold that Section 135.55 is a
general waiver of immunity from suit, such a waiver would be limited in this
case by the Texas Tort Claims Act (TTCA).[1]  The TTCA is a special provision that waives
immunity from suit only to a limited degree. 
Tarrant County Hosp. Dist. v. Henry, 52 S.W.3d 434, 450 (Tex.
App.CFort
Worth 2001, no pet.).   If a general
statutory provision conflicts with a special provision, the provisions shall be
construed, if possible, to give effect to both. 
See Tex. Gov=t Code Ann. '
311.026(a) (Vernon 2005).  Additionally,
if two statutes cannot be reconciled, we give precedence to the TTCA as the
later-enacted and more specific statute controlling waiver of sovereign
immunity from both suit and liability in tort cases.  City of San Antonio v. Butler, 131
S.W.3d 170, 176 (Tex. App.CSan
Antonio 2004, pet. filed)(citing Tex.
Gov=t Code Ann. '
311.025 (Vernon 2005)).








The TTCA provides in relevant part: 

A
governmental unit in the state is liable for:

 

(1) property damage, personal injury, and death
proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if:

 

(A) the property damage, personal injury, or death
arises from the operation or use of a motor-driven vehicle or motor-driven
equipment; and

 

(B) the employee would be personally liable to the
claimant according to Texas law; and

 

(2) personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.

 

Section 101.021.

The above provision lists the only circumstances
in which immunity is waived under the TTCA. The TTCA does not waive immunity for
intentional torts.  See Section
101.057(2)(stating that the TTCA does not apply to claims Aarising out of assault, battery, false
imprisonment, or any other intentional tort@).
When a plaintiff alleges tort claims, and the TTCA does not apply, immunity is
still the rule.  General Electric Co.
v. City of Abilene, 795 S.W.2d 311, 313 (Tex. App.CEastland
1990, no writ).








Wehba asserts, however, that the TTCA supplements,
rather than restricts, the waiver of immunity provided by Section 135.55
because of the language of Section 101.003 of the TTCA, which provides that A[t]he remedies authorized by this
chapter are in addition to any other legal remedies.@  Section 101.003.  We disagree. 
Section 135.55 is not a remedy.[2]  It either waives immunity from suit, as Wehba
contends, or refers to capacity to appear in court, as TSTC contends.  In neither case, can it be construed as a
legal remedy.   Furthermore, to construe
the TTCA as supplemental to Section 135.55 would render the TTCA
meaningless.  If this court were to do
so, future plaintiffs could attempt to circumvent the narrow waiver provisions
of the TTCA by suing under Section 135.55 instead of the TTCA, and such a
result cannot be what the legislature intended.

Wehba further asserts that, when TSTC injured him,
it was engaged in proprietary conduct for which there is no immunity under the
TTCA.  Under the TTCA, proprietary
functions are those that a municipality may, in its discretion, perform in the
interest of the inhabitants of the municipality.  Section 101.0215.  This section of the TTCA does not apply in
this case because TSTC is not a municipality.

Wehba also asserts that TSTC did not intend to
injure him and that his causes of action are not, therefore, intentional
torts.  It is a basic premise of tort law
that an actor need not intend the specific injury complained of for an
intentional tort to be committed. 
Conversion, invasion of privacy, 
intentional infliction of emotional distress, and defamation are all considered
intentional torts for which the TTCA preserves immunity.  See, e.g., Texas River Barges v. City of
San Antonio, 21 S.W.3d 347, 356-57 (Tex. App.CSan
Antonio 2000, pet. denied)(city immune from claim for conversion); Univ. of
Texas Med. Branch at Galveston v. Hohman, 6 S.W.3d 767, 777 (Tex. App.CHouston [1st Dist.] 1999, pet. dism=d w.o.j.)(state agency immune from
claims for intentional infliction of emotional distress and invasion of
privacy).

We hold that the TTCA does not waive TSTC=s immunity from suit for intentional
torts.  We sustain appellant=s second issue on appeal.  

Conclusion

The trial court erred in overruling Texas State
Technical College=s plea to
the jurisdiction.  We reverse the order
of the trial court and render judgment that Texas State Technical College=s plea to the jurisdiction is granted
and that Ronnie Wehba=s
cause of action against Texas State Technical College is dismissed.

 

 

RICK STRANGE

JUSTICE

March 9, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











     [1]Tex. Civ. Prac. & Rem. Code Ann. ch.
101 (Vernon 2005 & Supp. 2005).





     [2]A
remedy is A[t]he means of enforcing a right or preventing or
redressing a wrong.@  Black=s Law Dictionary 1296 (7th ed. 1999).