**Jim WAYMENT, Appellant**

v.

**TEXAS KENWORTH COMPANY d/b/a MHC Kenworth–Waco, Appellee.**

No. 05-07-00138-CV.

Court of Appeals of Texas, Dallas.

March 24, 2008.

Charles W. McGarry, Law Office of Charles McGarry, Dallas, TX, for Appellant.

Douglas W. Brady, Jerrod L. Davis, Brady & Cole, P.C., Dallas, TX, for Appellee.

Before Justices FITZGERALD, LANG–MIERS, and MAZZANT.

## OPINION

Opinion by Justice FITZGERALD.

Jim Wayment appeals the take-nothing summary judgment in favor of Texas Kenworth Company d/b/a MHC Kenworth–Waco on appellant's claims under the Texas Deceptive Trade Practice–Consumer Protection Act (DTPA). In two issues, appellant contends the trial court erred in granting appellee's motion for summary judgment. We affirm the trial court's judgment.

## BACKGROUND

Appellant purchased six cylinder packs for his Caterpillar truck engine from appellee for $2793.89. Appellant spoke to appellee's parts foreman who told appellant, "All parts are warrantied to be perfect." Appellant had the cylinders installed, but they did not work properly. Appellant took the parts back to appellee and asked appellee to test them, but appellee said it did not have the equipment to do so. Appellant then took the cylinders to a machine shop and had them tested, which showed two of them were "out of round." When appellant complained to appellee, appellee refused to replace the cylinders. Appellant sued ap-

pellee for violation of the DTPA alleging appellant (a) represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and (b) engaged in an unconscionable action or course of action. *See* TEX. BUS. & COM.CODE ANN. §§ 17.46(b)(7), 17.50(a)(3) (Vernon Supp.2007).

Appellee moved for summary judgment asserting both traditional and no-evidence grounds. *See* TEX.R. CIV. P. 166a(c), (i). In the traditional grounds of the motion for summary judgment, appellee asserted that the invoice for the transaction contained waivers of warranties and representations as well as an "as is" clause. In the no-evidence portion of the motion, appellee asserted that appellant had no evidence of (a) a representation upon which he relied, (b) any unconscionable action, (c) producing cause, or (d) damages. The trial court granted the motion for summary judgment and dismissed appellant's claims without stating the grounds on which the motion was granted.

## NO–EVIDENCE MOTION FOR SUMMARY JUDGMENT

In his second issue, appellant asserts the trial court erred in granting appellee's no-evidence motion for summary judgment because there is some evidence to support appellant's DTPA claims. In a no-evidence motion for summary judgment under rule 166a(i), the movant asserts there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i); *Western Inv., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005). "Unless the respondent produces summary judgment evidence raising a genuine issue of material fact, the court must grant the motion." *Western Inv., Inc.,* 162 S.W.3d at 550. To

defeat a no-evidence motion for summary judgment, "the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX.R. CIV. P. 166a cmt. When the trial court's summary judgment does not specify the basis for the ruling, we must affirm the judgment if any of the summary judgment grounds are meritorious. *Western Inv., Inc.,* 162 S.W.3d at 550.

■ Appellant's response to the motion for summary judgment did not address appellee's no-evidence assertions. Appellant was required in his response to point out evidence raising a fact issue on the challenged elements of appellant's cause of action. However, the response fails to point to any evidence raising a fact issue on the challenged elements. Thus, appellant has not met the requirements of rule 166a(i) for raising a fact issue. *See Lundstrom v. United Servs. Auto. Ass'n–CIC,* 192 S.W.3d 78, 98 (Tex.App.-Houston [14th Dist.] 2006, pet. denied). However, in the interest of justice, we will consider appellant's briefing on appeal concerning the no-evidence grounds of the motion for summary judgment.

The DTPA sets out the elements of a claim as follows:

A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:

(A) specifically enumerated in a subdivision of Subsection (b) or Section 17.46 of the subchapter; and

(B) relied on by a consumer to the consumer's detriment; . . .

[or]

(3) any unconscionable action or course of action by any person....

TEX. BUS. & COM.CODE ANN. § 17.50(a) (Vernon Supp.2007).

Concerning appellant's claim under section 17.50(a)(1), appellee asserted in its no-evidence motion that appellant had no evidence of a representation on which he relied. In his response to the motion, appellant attached his affidavit, stating, "The only thing said about warranty was, Russ [the parts foreman] said, 'All parts are warrantied to be perfect.'" Appellant presented no evidence that he relied on this statement. The burden was on appellant to present some evidence of reliance. See Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675, 686 (Tex.2003) (burden is on plaintiffs to prove reliance in DTPA representation case). Nor does appellant explain in his brief how the evidence contained in the summary judgment record constitutes evidence of reliance. See TEX. R.APP. P. 38.1(h) (brief must contain argument for the contentions made). Because appellant presented no evidence of reliance, we conclude the trial court did not err in granting appellee's no-evidence motion for summary judgment as to appellant's claim of violation of section 17.46(b)(7).

■ Concerning appellant's claim for unconscionable action or course of action, the DTPA defines unconscionable action or course of action as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. CODE ANN. § 17.45(5) (Vernon Supp.2007). Unconscionability under the DTPA is an objective standard for which scienter is irrelevant. Bradford v. Vento, 48 S.W.3d 749, 760 (Tex.2001); Ins. Co. of N. Am. v. Morris, 981 S.W.2d 667, 677 (Tex.1998). "To prove an unconscionable action or course of action, a plaintiff must show that the defendant took advantage of his lack of knowledge and 'that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated.'" Bradford, 48 S.W.3d at 760 (quoting Ins. Co. of N. Am., 981 S.W.2d at 677 (quoting Chastain v. Koonce, 700 S.W.2d 579, 583 (Tex.1985))).

On appeal, appellant argues that appellee's charging appellant $2793.89 for a "completely useless" cylinder kit and then refusing to take it back is "grossly unfair" and constitutes evidence of an unconscionable action or course of action. Other than appellant's bare assertion in his brief that these facts are "grossly unfair," appellant provides no explanation and cites no authority for why these facts constitute an unconscionable action or course of action. See TEX.R.APP. P. 38.1(h). We conclude appellant has failed to show the summary judgment record contains evidence that appellee engaged in an unconscionable action or course of action. See Mays v. Pierce, 203 S.W.3d 564, 571 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) (evidence of unconscionable action or course of action must involve more than mere breach of contract).

We conclude the trial court did not err in granting appellee's no-evidence motion for summary judgment as to appellant's claim of unconscionable action or course of action.

We overrule appellant's second issue. Because of our ruling on the second issue, we need not address appellant's first issue concerning the traditional grounds of appellee's motion for summary judgment. See TEX.R.APP. P. 47.1.

We affirm the trial court's judgment.