IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00398-CV

 

Doye Baker and Doye Baker, L.P.,

                                                                                    Appellants

 v.

 

The City of Robinson,

                                                                                    Appellee

 

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2006-305-1

 



Opinion



 








            Doye Baker and Doye Baker,
L.P. filed suit against the City of Robinson for breach of contract and
statutory fraud because of the City’s alleged misrepresentation regarding the
zoning for property Baker purchased from the City.  The trial court granted the
City’s summary-judgment motion.  Baker presents ten issues challenging the
summary judgment.  His appellate complaints generally concern the City’s
governmental immunity, the merits of his fraud claim, and Doye Baker, L.P.’s
standing.  We will affirm in part and reverse and remand in part.

Background

            The parties’ dispute centers
on a building which formerly housed the Robinson Nursing Home.  The nursing
home ceased doing business at some point in 1998, and the owners offered to
donate the building to the City.  After an environmental study was done, the
City accepted the donation because it was “sorely in need of space for office
space.”  The City soon determined that it would not be economically feasible to
renovate the building to meet the City’s needs, so bids were solicited for the
sale of the property.

            Baker purchased the property
in 1999 with the intent to convert it to apartments for senior citizens.  He
began repairs and renovation work within a few months.  He conveyed the
property to Doye Baker, L.P. (the “Partnership”) by special warranty deed in
2002.  The City building inspector, Tracy Lankford, inspected various aspects
of the work in 2002, 2003 and 2004.  Although it is disputed, Baker testified
that he requested a certificate of occupancy when about thirty-five units were
finished but was told by Lankford that a certificate of occupancy would not be
issued until all the units were finished.[1] 
At some point, Lankford advised Baker that, because the property was zoned for
single-family residential housing, he would need to apply for rezoning to
multi-family residential.

            Baker believed the property
was zoned commercial and pursued a hearing before the City’s Board of
Adjustment.  At the mayor’s suggestion, Baker applied for a change of zoning in
February 2005.  The application was approved within a month.

            Baker filed suit in January
2006 alleging that the City originally represented to him that the property was
zoned commercial “which would have included use as a multi-family structure.” 
Baker claims that this alleged misrepresentation constitutes a breach of the
contract of sale and statutory fraud under section 27.01 of the Business and
Commerce Code.

            The City filed a motion for
summary judgment premised on both traditional and no-evidence grounds.  The
City argued that it was entitled to judgment as a matter of law because of
governmental immunity and alternatively on the merits.  The motion also
challenged the Partnership’s standing and Baker’s capacity to sue on behalf of
the Partnership.  The trial court granted the City’s summary-judgment motion
without specifying the basis for its ruling.

Standard of Review

            If the defendant files a
traditional summary-judgment motion, then the defendant as movant must negate
at least one of the elements of the plaintiff’s cause of action, or
alternatively, the defendant must conclusively establish each element of an
affirmative defense.  Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997); Johnson v. Baylor Univ., 188 S.W.3d 296, 300 (Tex. App.—Waco
2006, pet. denied); see City of Dallas v. Jennings, 142 S.W.3d 310, 315
(Tex. 2004) (“We next consider whether the City conclusively established
governmental immunity”).  The nonmovant need not respond to the motion for
summary judgment unless the defendant meets its burden of proof.  Rhône-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 222-23 (Tex. 1999); Johnson, 188
S.W.3d at 300.  But if the movant meets its burden of proof, the nonmovant must
present summary-judgment evidence to raise a fact issue.  Centeq Realty,
Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995); Johnson, 188
S.W.3d at 300.

            In reviewing a traditional
summary judgment, we determine whether reasonable and fair-minded jurors could
differ in their conclusions in light of all of the evidence presented.  See
Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566, 568
(Tex. 2006) (per curiam); City of Keller v. Wilson, 168 S.W.3d 802,
822-24 (Tex. 2005)).  We must consider all the evidence in the light most
favorable to the nonmovant, indulging every reasonable inference in favor of
the nonmovant and resolving any doubts against the movant.  See Goodyear
Tire, 236 S.W.3d at 756 (citing Sudan v. Sudan, 199 S.W.3d 291, 292
(Tex. 2006) (per curiam); Spates, 186 S.W.3d at 568).

            We apply the same standard
in reviewing a no-evidence summary judgment as we would in reviewing a directed
verdict.  See Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581 (Tex. 2006).  “We review the evidence presented by the motion and response in the light most
favorable to the party against whom the summary judgment was rendered,
crediting evidence favorable to that party if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.”  Id. at 582.  A no-evidence summary judgment will be defeated if the nonmovant
produces some evidence “raising an issue of material fact” on the elements
challenged by the movant.  Id.

            We conduct a de novo review
of a summary judgment.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005); In re Estate of Alexander, 250 S.W.3d 461,
464 (Tex. App.—Waco 2008, pet. denied).  “When the trial court does not specify
the basis for its summary judgment, the appealing party must show it is error
to base it on any ground asserted in the motion.”  Star-Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995); Alexander, 250 S.W.3d at 464.

The Partnership

            Baker and the Partnership
contend in their tenth issue that the court erred by granting summary judgment
on the ground that they lack legal capacity to sue because the City has not
filed a verified pleading challenging their capacity.  See Tex. R. Civ. P. 93(1).  However, they
misconstrue this aspect of the City’s summary-judgment motion.

            The City argued in its
summary-judgment motion that the Partnership lacks standing to sue
because it was not a party to the contract for sale and had not yet come into
existence when the alleged misrepresentation was made.  See Austin Nursing
Ctr., Inc. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005) (standing may be
raised at any time).  “A fraud claim is personal to the defrauded party.”  Vial
v. Gas Solutions, Ltd., 187 S.W.3d 220, 227 (Tex. App.—Texarkana 2006, no
pet.) (citing Nobles v. Marcus, 533 S.W.2d 923, 927 (Tex. 1976)). 
Because the Partnership did not exist when the alleged misrepresentation was
made, the Partnership cannot be a defrauded party in this instance.  See
Nobles, 533 S.W.2d at 927.  Any fraud claim[2]
arising from the alleged misrepresentation can be asserted by only Baker
himself.  Id.  Thus, the Partnership lacks standing to assert a fraud
claim.  See Gonzalez v. Greyhound Lines, Inc., 181 S.W.3d 386, 393 (Tex.
App.—El Paso 2005, pet. denied).  Baker’s tenth issue is overruled in part.

Capacity to Recover Damages

            Baker also contends in his
tenth issue that the court erred by granting summary judgment on the ground
that he lacks legal capacity to recover on behalf of the Partnership because
the City has not filed a verified pleading challenging his capacity.  See
Tex. R. Civ. P. 93(2).

            The City argued in its
summary-judgment motion that Baker “lacks standing” to recover lost profits
allegedly suffered by the Partnership.  However, this is an issue of capacity,
not standing.  See Swinnea v. ERI Consulting Eng’rs, Inc., 236 S.W.3d 825,
833 (Tex. App.—Tyler 2007, no pet.); Bossier Chrysler Dodge II, Inc. v.
Rauschenberg, 201 S.W.3d 787, 797-98 (Tex. App.—Waco 2006), rev’d in
part on other grounds, 238 S.W.3d 376 (Tex. 2007) (per curiam); Willis
v. Donnelly, 118 S.W.3d 10, 49 (Tex. App.—Houston [14th Dist.] 2003), rev’d
in part on other grounds, 199 S.W.3d 262 (Tex. 2006).  Baker correctly
states that the City has failed to challenge his capacity by verified
pleading.  Thus, the City cannot complain of any lack of capacity on Baker’s
part to sue or recover on behalf of the Partnership.  See Pledger v.
Schoellkopf, 762 S.W.2d 145, 146 (Tex. 1988) (per curiam); Swinnea,
236 S.W.3d at 833; Willis, 118 S.W.3d at 49.  Baker’s tenth issue is sustained
in part.

 

Governmental Immunity[3]

            Baker contends in his first
issue that the City failed to conclusively establish its immunity from suit
because the underlying transaction involved a proprietary rather than a
governmental function.

            “A municipality is not
immune from suit for torts committed in the performance of its proprietary
functions, as it is for torts committed in the performance of its governmental
functions.”  Tooke v. City of Mexia, 197 S.W.3d 325, 343 (Tex. 2006).  Therefore, we conduct a two-step inquiry to determine whether a municipality
has immunity from suit.  Tex. Bay Cherry Hill, L.P. v. City of Fort Worth, 257 S.W.3d 379, 389 (Tex. App.—Fort Worth 2008, no pet.); Ethio Express
Shuttle Serv., Inc. v. City of Houston, 164 S.W.3d 751, 754 n.4 (Tex. App.—Houston
[14th Dist.] 2005, no pet.).  First, we determine whether the function is
governmental or proprietary.  Id.; see City of White Settlement v.
Super Wash, Inc., 198 S.W.3d 770, 776 n.4 (Tex. 2006) (“Determining whether
a function is governmental in nature is critical under the Tort Claims Act,
because the Act only applies when a city is acting in its governmental
capacity; the Act does not apply when a city acts in its proprietary capacity.”). 
And second, if the function is governmental, we determine whether immunity is
waived under the Tort Claims Act.  Tex. Bay Cherry Hill, 257
S.W.3d at 389; Ethio Express Shuttle Serv., 164 S.W.3d at 754 n.4.

            When a representative of a
municipality commits a tort in the performance of a proprietary function, the
Tort Claims Act does not apply, and the municipality may be held liable to the
same extent as a private entity or individual.  City of Corpus Christi v.
Absolute Indus., 120 S.W.3d 1, 4 (Tex. App.—Corpus Christi 2001, pet.
denied); Tex. River Barges v. City of San Antonio, 21 S.W.3d 347,
356 (Tex. App.—San Antonio 2000, pet. denied); see Gates v. City of Dallas, 704 S.W.2d 737, 739 (Tex. 1986).

            According to article XI,
section 13(a) of the Texas Constitution, “the legislature may by law define for
all purposes those functions of a municipality that are to be considered
governmental and those that are proprietary, including reclassifying a
function's classification assigned under prior statute or common law.”  Tex. Const. art. XI, § 13(a).  The
Legislature did so by enacting section 101.0215 of the Civil Practice and
Remedies Code.  Largely following traditional common law definitions, the
Legislature established the following statutory definitions for governmental
and proprietary functions:

Governmental functions are “those
functions that are enjoined on a municipality by law and are given it by the
state as part of the state’s sovereignty, to be exercised by the municipality
in the interest of the general public.”

 

Proprietary functions are “ those functions
that a municipality may, in its discretion, perform in the interest of the inhabitants
of the municipality.”

 

Tex. Civ. Prac.
& Rem. Code Ann. § 101.0215
(Vernon 2005); see Tooke, 197 S.W.3d at 343; City of Houston v.
Shilling, 150 Tex. 387, 240 S.W.2d 1010, 1011-12 (1951).

            As the Supreme Court
observed in Shilling, “This rule is well settled.  It is in the
application of this rule to a particular fact situation that the difficulty
arises.”  Shilling, 240 S.W.2d at 1012.  Section 101.0215 provides a non-exclusive
listing of thirty-nine municipal functions which are classified as either
governmental or proprietary.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.0215.  “[T]he difficulty arises”
when trying to classify a municipal function not listed.  See Shilling,
240 S.W.2d at 1012.

            The City contends that the
sale of the property to Baker constitutes the exercise of a governmental
function because “the true crux of Baker’s complaint pertains to zoning, which
is clearly recognized by statute as a governmental function.”  See Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(29). 
In the alternative, the City contends that the sale constitutes the exercise of
a governmental function because state law requires a municipality to solicit
bids for the purchase of real property as the City did in this instance.  See
Tex. Loc. Gov’t Code Ann. §§ 253.008,
272.001 (Vernon 2005); Gen. Elec. Co. v. City of Abilene, 795 S.W.2d 311,
312 (Tex. App.—Eastland 1990, no writ).  We disagree.

            The “true crux” of Baker’s
complaint is that the City misrepresented the zoning to induce him to purchase
the property.  This is a fraud claim, not a zoning dispute.  See Temple v.
City of Houston, 189 S.W.3d 816, 820-21 (Tex. App.—Houston [1st Dist.] 2006,
no pet.) (state requirement that city make payroll deductions, which the city
characterized as “a governmental act,” does not make City’s provision of
insurance benefits to employees a governmental function); see also Tex. Bus. & Com. Code Ann. § 27.01(a)(1)
(Vernon 2009).

            In General Electric,
the Eastland Court found that the City of Abilene was engaged in a governmental
function when it solicited bids for the purchase of communications systems for
its police and fire departments.  Gen. Elec., 795 S.W.2d at 312.  The
court reached this conclusion because, as the City of Robinson argues here, the
Local Government Code requires municipalities to solicit bids for certain
purchases.  Id.  As such, the court relied on only one part of the
definition of a governmental function, namely, a function “enjoined on a
municipality by law.”  Id. (quoting
Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)).  However, section
101.0215(a) provides a two-part definition.  Under the statute, a governmental
function is one: (1) “enjoined on a municipality by law”; and (2) “given it by
the state as part of the state’s sovereignty, to be exercised by the
municipality in the interest of the general public.”  Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a).  Thus, we
decline to follow General Electric.[4]

            The statutory bid
requirement does not, standing alone, convert the sale of the disputed property
to a governmental function.  See Temple, 189 S.W.3d at 820-21.  In
Gordon v. San Antonio Water System, the City established that the
property in dispute had been used to effectuate a governmental function—provision
of municipal water service.  No. 04-06-00699-CV, 2007 WL 748692, at *1 (Tex.
App.—San Antonio Mar. 14, 2007, pet. denied) (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(32) (water
service is a governmental function)).  Thus, the San Antonio Court held that
the sale of surplus property by the municipal water system was a governmental
function.  Id.  Here, the summary-judgment record is
devoid of any evidence regarding the use of the disputed property.  Robinson
City Manager Richard Fletcher provided deposition testimony that the City
accepted the donation of the property because the City was “sorely in need of
space for office space.”  However, the record contains no evidence that the
contemplated “office space” was to be used for a governmental function.

            Accordingly, the City failed
to conclusively establish that the sale of the disputed property to Baker
constitutes the exercise of a governmental function.[5] 
Baker’s first issue is sustained.

Limitations

            Baker contends in his eighth
issue that the City failed to conclusively establish that his fraud claim is
barred by limitations.

            A four-year statute of
limitations applies to Baker’s fraud claim.  Tex.
Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) (Vernon 2002); Exxon
Corp. v. Emerald Oil & Gas Co., 52 Tex. Sup. Ct. J. 467, 2009 WL
795668, at *7 (Tex. Mar. 27, 2009).  “The statute of limitations for fraud
begins to run from the time the party knew of the misrepresentation.”  Exxon
Corp., 2009 WL 795668, at *7.  Baker presented deposition testimony that he
first learned that the zoning for the property was not as represented when he
received a letter to this effect from Lankford in February 2004.  He filed this
suit in January 2006.  Therefore, the City failed to conclusively establish
that his suit is barred by limitations.  Baker’s eighth issue is sustained.

Evidentiary Objections

            Baker contends in his fourth
and fifth issues respectively that the court abused its discretion by
sustaining the City’s objections to statements in his affidavit concerning (1)
his belief about the zoning for the property and (2) the zoning in effect at
the time the building was constructed.  We address these issues at this
juncture because they impact our review of the merits of Baker’s fraud claim.  See
Torres v. GSC Enters., 242 S.W.3d 553, 557 (Tex. App.—El Paso 2007, no
pet.); Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist., 127 S.W.3d
235, 240 (Tex. App.—Waco 2003, no pet.).

            Baker’s fourth issue
challenges the court’s ruling that the following statement in his affidavit is
inadmissible, “Based upon the layout of the structure and its previous use, it
has been and continues to be my belief that the proper zoning for the structure
is ‘commercial.’”  The City objected that this statement was conclusory.

            Summary-judgment evidence is
considered “conclusory” if it “does not provide the underlying facts to support
the conclusion.”  Choctaw Props., 127 S.W.3d at 242 (quoting Dolcefino
v. Randolph, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied)) (other citations omitted).  Here, the objected-to statement provides
the underlying facts to support Baker’s belief or opinion about the zoning for
the property.  Namely, he based his opinion on “the layout of the structure and
its previous use.”  While his opinion has been proved incorrect, this does not
mean that his opinion did not have a factual basis.  Rather, Baker’s knowledge
and understanding is relevant to the issue of whether he reasonably relied on
the City’s alleged representation.[6] 
See, e.g., Lundy v. Masson, 260 S.W.3d 482, 493-94 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); Matis v. Golden, 228 S.W.3d 301, 311 (Tex.
App.—Waco 2007, no pet.).  Thus, the court abused its discretion by sustaining
the City’s objection to this statement in Baker’s affidavit.  See Choctaw
Props., 127 S.W.3d at 242-43.  Baker’s fourth issue is sustained.

            Baker’s fifth issue
challenges the court’s ruling that a 1955 zoning ordinance attached to his
deposition was not properly authenticated and irrelevant.  Baker stated in his
affidavit:

As a resident of the City of Robinson, a former employee of Robinson city government and a developer, I am somewhat
familiar with the various zoning ordinances for the city of Robinson.  Attached
hereto as an exhibit (Attachment “A-2”) to this Affidavit is a true and correct
copy of the zoning provision in place at the time the Robinson Nursing Home was
originally constructed.

 

            A document may be
authenticated by “[t]estimony that a matter is what it is claimed to be.”  Tex. R. Evid. 901(b)(1).  Baker’s
affidavit establishes the basis for his familiarity with Robinson zoning
ordinances and states that the attached ordinance is “a true and correct copy”
of the 1955 ordinance.  This sufficiently authenticated the document in
question.  See Daimler-Benz Aktiengesellschaft v. Olson, 21 S.W.3d 707,
717 (Tex. App.—Austin 2000, pet. dism’d w.o.j.); E.P. Operating Co. v.
Sonora Exploration Corp., 862 S.W.2d 149, 154 (Tex. App.—Houston [1st
Dist.] 1993, writ denied).

            We have already explained
how Baker’s knowledge and understanding is relevant to the issue of whether he
reasonably relied on the City’s alleged representation.  The basis for his
knowledge and understanding is likewise relevant.  See Tex. R. Evid. 401.  Baker’s fifth issue
is sustained.

Fraud

            Baker’s second, third,
sixth, and seventh issues address various elements of his statutory fraud
claim.  This Court has delineated the elements of a fraud claim under section
27.01 of the Business and Commerce Code.  See Fletcher v. Edwards, 26
S.W.3d 66, 77 (Tex. App.—Waco 2000, pet. denied).  In such a case, the
plaintiff must establish:

·                    
a false
representation of a material fact;

 

·                    
made to induce a
person to enter a contract; and

 

·                    
relied on by that
person in entering the contract.

 

Id. (citing Tex. Bus.
& Com. Code Ann. § 27.01(a)(1)).

Intent to Deceive

            Baker contends in his second
issue that “intent to deceive” is not an element of a fraud claim under section
27.01 and that the court erred to the extent it granted summary judgment on
this ground.

            “Intent to deceive” is an
element of a common law fraud claim.  Bank One, Tex., N.A. v. Stewart,
967 S.W.2d 419, 444 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); accord
Formosa Plastics Corp. USA v. Presidio Eng’rs & Contractors, Inc., 960
S.W.2d 41, 47-48 (Tex. 1998); Tex. S. Univ. v. State Street Bank & Trust
Co., 212 S.W.3d 893, 914 (Tex. App.—Houston [1st Dist.] 2007, pet. denied);
see also Priddy v. Rawson, 282 S.W.3d 588, 600 (Tex. App.—Houston [14th
Dist.] 2009, pet. denied) (proof of “actual fraud” under article 2.21(A)(2) of
the Texas Business Corporation Act[7]
“involves dishonesty of purpose or intent to deceive”).  “Intent to deceive” is
not an element of a fraud claim under section 27.01.  See Tex. Bus. & Com. Code Ann. § 27.01(a)(1);
Fletcher, 26 S.W.3d at 77.

            The City contends that Baker
should have specially excepted to its motion to raise this complaint on
appeal.  “An exception is required should a non-movant wish to complain on
appeal that the grounds relied on by the movant were unclear or ambiguous.”  McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993) (plurality
op.); McMahon Contracting, L.P. v. City of Carrollton, 277 S.W.3d 458,
467 (Tex. App.—Dallas 2009, pet. denied).  However, no exception is necessary
“to contend on appeal that the grounds expressly presented to the trial court
by the movant’s motion are insufficient as a matter of law to support
the summary judgment.”  McConnell, 858 S.W.2d at 342 (quoting City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979)); McMahon
Contracting, 277 S.W.3d at 467.

            Baker does not contend that
this ground of the City’s motion is vague or ambiguous.  Rather, he contends
that this ground is irrelevant.  No exception was necessary to pursue this
complaint on appeal.  See id.  Baker’s second issue is sustained.

Misrepresentation

            Baker contends in his third
issue that a genuine issue of material fact remains on the question of whether the
City made a false representation to him regarding the zoning of the property.  The
City responds that: (1) Baker affirmatively stated in his deposition testimony
that he could not recall the City having made any misrepresentation about the
property; (2) he offered only conclusory evidence regarding the alleged
misrepresentation; and (3) any representation by a City officer, agent or
employee is not binding on the City as a matter of law.

            The City refers to Baker’s
deposition testimony in which the City’s attorney asked him whether, before the
sale, the City had misrepresented anything to him about the property.  He
replied, “I don’t recall specifically about this piece of property that they
[misrepresented].”  However, Baker also testified in his deposition that the
City “sold the property to me as commercial property.”

            An appraisal report attached
to Baker’s summary-judgment response unequivocally states that the property was
zoned “Class F1-Commercial.”  Baker’s summary-judgment response states, “Baker
does not believe there was a copy of an appraisal contained in the bid packet,
but he was given an appraisal report at the time of closing.”  Baker similarly
states in his supporting affidavit (to which the appraisal report is attached
as an exhibit), “My best recollection is that this appraisal report was not a
part of the bid package given out by the city of Robinson, but was given to me
at the closing of the subject property.”  See City of Coppell v. Waltman, 997 S.W.2d 633, 638-39 (Tex. App.—Dallas 1998, pet. denied) (City
met summary-judgment burden in part with affidavit based on officer’s “best
recollection”).

            In his summary-judgment
response and deposition testimony offered to support it, Baker states that he
was later informed by Lankford in 2004 that the zoning for the property was
single-family residential rather than commercial.

            The deposition testimony to
which the City refers is not conclusive.  Baker was not asked whether any
misrepresentation was made with regard to zoning.  He could have construed the
question as asking whether any misrepresentation was made with regard to the
condition of the property or its location or value.  And even assuming this
testimony conflicts with the other evidence concerning the representation that
the property was zoned commercial, such a conflict creates a fact issue which
will defeat a summary-judgment motion.

            If a party provides
inconsistent or conflicting summary judgment proof, that party has created a
fact issue for the trier of fact to resolve.  As the Supreme Court has stated, “If
the motion involves the credibility of affiants or deponents, or the weight of
the showings or a mere ground of inference, the motion should not be granted.”

 

Thompson v. City of Corsicana Hous.
Auth., 57 S.W.3d 547,
557-58 (Tex. App.—Waco 2001, no pet.) (quoting Great Am. Reserve Ins. Co. v.
San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965)) (other
citations omitted); accord Pierce v. Washington Mut. Bank, 226 S.W.3d
711, 717-18 (Tex. App.—Tyler 2007, pet. denied).

            Nevertheless, the City
contends that any representation made to Baker regarding the zoning of the
property is not binding on the City.  The City cites four cases in which it was
held that certain representations were not (or would not be) binding on a
municipality.  We believe these cases are each distinguishable.

            In Sheffield Development
Co. v. City of Glenn Heights, 140 S.W.3d 660 (Tex. 2004), a developer met
several times with various city officials to advise them of his development
plans and to obtain assurances that the existing zoning would not change.  Id. at 664.  Nevertheless, the City later rezoned the property.  Id. at 666. 
The Court observed in dicta that, even though no City employee ever promised Sheffield that there would be no change in zoning, such a promise would not have been
binding on the City.  Id. at 678.

            In City of Pharr v. Pena, 853 S.W.2d 56 (Tex. App.—Corpus Christi 1993, writ denied), a landowner
filed an inverse condemnation suit claiming that the City’s rezoning of his
property from commercial to residential was a taking because it prohibited him
from continuing to operate a junkyard on the property.  Id. at 59. 
Among other things, Pena argued that City officials represented to him that he
would be able to obtain any necessary permits or zoning to continue to operate
his business.  Id. at 61.  The Court held, however, “statements or
assurances regarding zoning made by individual members of the city council,
board or commission are not binding and do not give private property owners a
vested right to the use or disposal of their property so as to deny the city
the exercise of its police power.”  Id. at 62.

            The other two cases cited by
the City likewise involved promises or assurances of future action or
non-action by city officials.  See Cook v. City of Addison, 656 S.W.2d 650,
657 (Tex. App.—Dallas 1983, writ ref’d n.r.e.); City of Farmers Branch v.
Hawnco, Inc., 435 S.W.2d 288, 292 (Tex. Civ. App.—Dallas 1968, writ ref’d
n.r.e.).  And in both cases, the courts held that such promises or assurances were
not binding on the municipalities.  Id.

            The cases cited stand for
the unremarkable proposition that a municipality cannot be bound by the promise
of a city official or employee to take a certain action or refrain from taking
some action in the future.  See Sheffield Development Co., 140 S.W.3d at
678 & n.89; Pena, 853 S.W.2d at 62; Cook, 656 S.W.2d at 657; Hawnco,
435 S.W.2d at 292.  Here, however, the alleged representation concerned the
existing zoning of the property and not an assurance that such zoning would not
change in the future or that more favorable zoning would be approved in the
future.

            Viewed in the light most
favorable to Baker, a person on behalf of the City represented to him that the
property was zoned commercial when in fact it was zoned single-family
residential.  Thus, a genuine issue of material fact remains on the question of
whether a misrepresentation was made to Baker regarding the zoning for the
property.  Baker’s third issue is sustained.

Reliance

            Baker contends in his sixth
issue that a genuine issue of material fact remains on the question of whether
he relied on the alleged misrepresentation.  The City responds that: (1) he
offered no summary-judgment evidence to support this element of his claim; (2)
he cannot establish reliance because he is presumed to know the City’s
ordinances and thus be aware of existing zoning; (3) the contract for sale
contains an express disclaimer of reliance and a merger clause; and (4) the
deed is expressly made subject to existing zoning.

            Baker cites In re Estate
of Anderson, No. 13-07-00112-CV, 2008 WL 3984653, at *3 (Tex. App.—Corpus Christi Aug. 25, 2008, pet. denied) (mem. op.), for the proposition that the issue
of reliance is “not susceptible to being readily controverted” and thus “inappropriate
for summary judgment.”  Accord Drew v. Harrison County Hosp. Ass’n, 20
S.W.3d 244, 249 (Tex. App.—Texarkana 2000, no pet.) (“Summary judgment should
not be granted when the cause of action depends on proof of facts not
ordinarily subject to absolute verification or denial, e.g., intent,
reliance, reasonable care, or uncertainty.”) (quoting Wofford v. Blomquist,
865 S.W.2d 612, 614 (Tex. App.—Corpus Christi 1993, writ denied)).

            We accept these authorities
insofar as they support the general proposition that a movant who files a
traditional summary-judgment motion cannot conclusively establish his
entitlement to judgment on a claim which “depends on proof of facts not
ordinarily subject to absolute verification or denial.”  See id.  However,
when a no-evidence motion is filed challenging the existence of such facts, it
remains incumbent upon the non-movant to produce some evidence “raising an
issue of material fact” on the challenged element.  See Mack Trucks, 206
S.W.3d at 582; see also, e.g., Wayment v. Tex. Kenworth Co., 248 S.W.3d 883,
886 (Tex. App.—Dallas 2008, no pet.) (addressing no-evidence summary judgment
motion in response to which non-movant “presented no evidence of reliance”). 
Baker has satisfied this burden.

            He states in his summary-judgment
affidavit that he bought the property to convert the building to apartments for
senior citizens.  He also states that the property is “immediately adjacent to
a commercial zone” and that he believes the “proper zoning” for the property to
be commercial based on “the layout of the structure and its previous use.”  He testified
in his deposition that he “assumed” the property was zoned commercial because
of its 30 or more years of use as a nursing home.  Finally, he testified in his
deposition that the City “sold the property to me as commercial property” and
the appraisal report which was given to him affirmatively states that it was so
zoned.

            Viewing this in the light
most favorable to Baker, one could reasonably infer that Baker purchased the property
because it was represented to be zoned commercial (which was also consistent
with his understanding of the property’s zoning) and that, because of his
intended use for the property, he would not have otherwise purchased the
property.  Thus, genuine issues of material fact remain on the question of
whether Baker relied on the City’s alleged representation regarding the zoning
for the property.

            Nevertheless, the City
contends that Baker cannot claim to have relied on this representation because
he is presumed to know the City’s zoning ordinances.  See Trail Enters. v.
City of Houston, 957 S.W.2d 625, 634 (Tex. App.—Houston [14th Dist.] 1997,
pet. denied).  The City cites Texas Jurisprudence for the proposition
that “[a] misrepresentation that entitles a person to relief from fraud must
refer to some fact unknown to that person.”  41 Tex. Jur. 3d Fraud and Deceit § 49 (1998).  Texas
Jurisprudence cites the decision of the Austin Court of Civil Appeals in Jones
v. Herring, 16 S.W.2d 325 (Tex. Civ. App.—Austin 1929, writ dism’d), as
support for this proposition.  In Jones, the court observed, “The law is
well settled that misrepresentations entitling one to relief must be in
reference to some material thing unknown to the purchaser.”  Id. at 328.

            The City relies on a
presumption of knowledge of the applicable zoning to conclusively establish
that Baker knew the applicable zoning.  However, a “presumption is not evidence
and vanishes when positive evidence to the contrary is introduced.”  Vibbert
v. PAR, Inc., 224 S.W.3d 317, 321 (Tex. App.—El Paso 2006, no pet.); accord
Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999) (per
curiam).  Baker presented summary-judgment evidence indicating that he believed
the property was zoned commercial.  Viewed in a light most favorable to him,
this evidence of his knowledge or belief caused the presumption of knowledge
relied on by the City to vanish.  Id.

            Next, the City contends that
the disclaimer of reliance and the merger clause in the contract for sale are
binding on Baker and preclude him from recovering on his fraud claim.  Under
appropriate circumstances, a contractual disclaimer of reliance or a merger
clause may bar a fraud claim.  See Forest Oil Corp. v. McAllen, 268
S.W.3d 51, 60 (Tex. 2008); Schlumberger Tech. Corp. v. Swanson, 959
S.W.2d 171, 181 (Tex. 1997).  To determine whether such a provision is binding,
we “must always examine the contract itself and the totality of the surrounding
circumstances.”  Forest Oil, 268 S.W.3d at 60.  The factors we
consider in this regard include: (1) whether the terms of the contract were
negotiated rather than boilerplate; (2) whether the parties specifically
discussed the issue which is the basis for the subsequent dispute; (3) whether
the plaintiff was represented by counsel; (4) whether this was an arm’s length
transaction; (5) whether the plaintiff was knowledgeable in business matters;
and (6) whether the language of the disclaimer or merger clause is clear.  Id.

            Baker testified that he was
not represented by counsel during the bidding process or at closing.  There is
no indication in the summary-judgment record that he negotiated any of the
terms of the contract other than the purchase price.  Aside from a comment
about zoning Baker made at closing, there is nothing in the record to indicate
the parties discussed the zoning of the property before the City prepared the
contract.  And this appears to have been an arm’s length transaction.

            Conversely, Baker has some
knowledge of business matters as a real estate developer and some specific
experience in dealing with the City in property transactions.  In addition, the
language employed in the disclaimer and in the merger clause is clear and
unambiguous.

            After considering the
factors listed in Forest Oil and viewing the pertinent evidence in the
light most favorable to Baker, we must conclude that the City failed to
conclusively establish that either the disclaimer of reliance or the merger
clause precludes Baker’s fraud claim.  See Garza v. CTX Mortgage Co., 285
S.W.3d 919, 927 (Tex. App.—Dallas 2009, no pet.); Fletcher, 26 S.W.3d at
77.

            Finally, the City argues
that the provision in the City’s deed to Baker declaring the conveyance to be
subject to “all zoning laws, regulations and ordinances of municipal or other
governmental authorities” bars his fraud claim.  We disagree.  This provision
is standard boilerplate language.  Baker produced evidence that the City
represented to him that the applicable zoning for the property was commercial. 
This provision poses no more of a bar to Baker’s claim than do the disclaimer
of reliance and the merger clause in the contract for sale.  Id.

            Baker’s sixth issue is
sustained.

Damages

            Baker contends in his
seventh issue that a genuine issue of material fact remains on the issue of
damages, citing in particular his evidence of lost profits.  The City responds
that, even if the property was zoned commercial as it allegedly represented,
Baker would not have been able to lease any of the apartments until the zoning
had been changed to multi-family residential.

            Baker presented
summary-judgment evidence that the property had been used as a nursing home for
more than 30 years and was zoned commercial during that time period.  He
presented evidence that the City represented to him that the property was zoned
commercial when he purchased it.  He also presented evidence that he relied on
this representation and commenced renovations less than six months after
closing.  Finally, he presented deposition testimony regarding lost rents
suffered from the delay in being able to lease the apartments.

            Baker’s claim for lost rents
is a claim for special damages.  See Trenholm v. Ratcliff, 646 S.W.2d 927,
933 (Tex. 1983); Cathey v. Meyer, 115 S.W.3d 644, 663 (Tex. App.—Waco 2003),
rev’d in part on other grounds, 167 S.W.3d 327 (Tex. 2005) (per
curiam).  Baker must establish that his damages were proximately caused by the
City’s misrepresentation.  Cathey, 115 S.W.3d at 663.  This means that
he must establish that “the fraud was a substantial factor in bringing about
the damages, without which the damages would not have occurred.”  Id.; see LMB, Ltd. v. Moreno, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam) (“The
test for cause-in-fact, or ‘but-for’ causation, is whether (1) the act or
omission was a substantial factor in causing the injury and (2) without the act
or omission the harm would not have occurred.).

            The City focuses on the evidence
that Baker would not have been able to lease the apartments when they were
finished even if they had been commercially zoned.  But this focus ignores the
reasonable inference from Baker’s evidence that he would not have purchased the
property in the first instance if its actual zoning had been properly
represented to him.

            We must disregard evidence
contrary to the non-movant’s position unless reasonable jurors could not.  See
Mack Trucks, 206 S.W.3d at 582.  Viewing the evidence in the light most
favorable to Baker and resolving all reasonable inferences in his favor, a
genuine issue of material fact remains on the question of whether Baker would
have purchased the property but for the City’s alleged misrepresentation and
thus whether such misrepresentation was a cause-in-fact of his lost rents.  See
Cathey, 115 S.W.3d at 663.  Baker’s seventh issue is sustained.

Conclusion

As the summary-judgment movant, the City
conclusively established Doye Baker, L.P.’s lack of standing, and we affirm the
judgment on this issue.  Because Baker has abandoned his contract claim, we
leave that portion of the trial court’s judgment undisturbed.  The City failed
to conclusively establish its claim of governmental immunity as to Baker’s
fraud claim, and genuine issues of material fact remain on the challenged
elements of that claim.  Therefore, we reverse the judgment on Baker’s fraud
claim and remand this cause to the trial court for further proceedings
consistent with this opinion.

 

MARTHA JANE TRUDO

Judge

 

 

Before Justice Reyna,

Justice
Davis, and

Judge
Trudo[8]

Affirmed in
part,

            Reversed
and remanded in part

Opinion
delivered and filed December 2, 2009

[CV06]

 

            









[1]
              The building
contains fifty-four apartment units.





[2]
              Baker conceded at
oral argument that he is abandoning his claim for breach of contract.  Thus, we
need not address the Partnership’s standing to sue on the contract, and we do
not reach Baker’s ninth issue in which he challenges the City’s immunity from
the contract claim.  See Tex. R.
App. P. 47.1.





[3]
              “Sovereign immunity
protects the State, state agencies, and their officers, while governmental
immunity protects subdivisions of the State, including municipalities and
school districts.”  Mission Consol. Indep. Sch. Dist. v. Garcia, 253
S.W.3d 653, 655 n.2 (Tex. 2008).

 

 





[4]
              We may have
nevertheless reached the same conclusion as the court in General Electric
because the dispute involved the purchase of equipment for the police and fire
departments, and the provision of “police and fire protection and control” is a
governmental function.  Tex. Civ. Prac.
& Rem. Code Ann. § 101.0215(a)(1) (Vernon 2005); see Gordon v. San Antonio Water Sys., No. 04-06-00699-CV, 2007 WL 748692, at *1 (Tex. App.—San
Antonio Mar. 14, 2007, pet. denied) (sale of surplus property used for
municipal water service was a governmental function).





[5]
              The City argues that
Baker has waived any argument that the sale of the property was a proprietary
function because Baker did not make this assertion in his summary-judgment
response.  However, it was the City’s burden to conclusively establish that
this was a governmental function.  See Jennings, 142 S.W.3d at 315; see
also Science Spectrum, 941 S.W.2d at 911; Johnson, 188 S.W.3d at
300.  Thus, Baker had no burden of persuasion as non-movant unless and until
the City met its own burden.  Rhône-Poulenc, 997 S.W.2d at 222-23; Johnson,
188 S.W.3d at 300.





[6]
              A plaintiff’s
reliance must be reasonable or justifiable to sustain a statutory fraud claim
under section 27.01.  See TCA Bldg. Co. v. Entech, Inc., 86 S.W.3d 667,
674 (Tex. App.—Austin 2002, no pet.).





[7]
              See Tex. Bus. Corp. Act Ann. art.
2.21(A)(2) (Vernon 2003).





[8]
              The Honorable Martha
Jane Trudo, Judge of the 264th District Court of Bell County, sitting by
assignment of the Chief Justice of the Supreme Court of Texas pursuant to
section 74.003(h) of the Government Code.  See Tex. Gov’t Code Ann. § 74.003(h) (Vernon 2005).