

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00398-CV

**DOYE BAKER AND DOYE BAKER, L.P.,**

Appellants

v.

**THE CITY OF ROBINSON,**

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2006-305-1

## OPINION

Doye Baker and Doye Baker, L.P. filed suit against the City of Robinson for breach of contract and statutory fraud because of the City's alleged misrepresentation regarding the zoning for property Baker purchased from the City. The trial court granted the City's summary-judgment motion. Baker presents ten issues challenging the summary judgment. His appellate complaints generally concern the City's governmental immunity, the merits of his fraud claim, and Doye Baker, L.P.'s standing. We will affirm in part and reverse and remand in part.

**Background**

The parties' dispute centers on a building which formerly housed the Robinson Nursing Home. The nursing home ceased doing business at some point in 1998, and the owners offered to donate the building to the City. After an environmental study was done, the City accepted the donation because it was "sorely in need of space for office space." The City soon determined that it would not be economically feasible to renovate the building to meet the City's needs, so bids were solicited for the sale of the property.

Baker purchased the property in 1999 with the intent to convert it to apartments for senior citizens. He began repairs and renovation work within a few months. He conveyed the property to Doye Baker, L.P. (the "Partnership") by special warranty deed in 2002. The City building inspector, Tracy Lankford, inspected various aspects of the work in 2002, 2003 and 2004. Although it is disputed, Baker testified that he requested a certificate of occupancy when about thirty-five units were finished but was told by Lankford that a certificate of occupancy would not be issued until all the units were finished.[1] At some point, Lankford advised Baker that, because the property was zoned for single-family residential housing, he would need to apply for rezoning to multi-family residential.

Baker believed the property was zoned commercial and pursued a hearing before the City's Board of Adjustment. At the mayor's suggestion, Baker applied for a change of zoning in February 2005. The application was approved within a month.

---

[1]     The building contains fifty-four apartment units.

Baker filed suit in January 2006 alleging that the City originally represented to him that the property was zoned commercial "which would have included use as a multi-family structure." Baker claims that this alleged misrepresentation constitutes a breach of the contract of sale and statutory fraud under section 27.01 of the Business and Commerce Code.

The City filed a motion for summary judgment premised on both traditional and no-evidence grounds. The City argued that it was entitled to judgment as a matter of law because of governmental immunity and alternatively on the merits. The motion also challenged the Partnership's standing and Baker's capacity to sue on behalf of the Partnership. The trial court granted the City's summary-judgment motion without specifying the basis for its ruling.

### Standard of Review

If the defendant files a traditional summary-judgment motion, then the defendant as movant must negate at least one of the elements of the plaintiff's cause of action, or alternatively, the defendant must conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Johnson v. Baylor Univ.*, 188 S.W.3d 296, 300 (Tex. App.—Waco 2006, pet. denied); *see City of Dallas v. Jennings*, 142 S.W.3d 310, 315 (Tex. 2004) ("We next consider whether the City conclusively established governmental immunity"). The nonmovant need not respond to the motion for summary judgment unless the defendant meets its burden of proof. *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999); *Johnson*, 188 S.W.3d at 300. But if the movant meets its burden of proof, the nonmovant must

present summary-judgment evidence to raise a fact issue. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Johnson*, 188 S.W.3d at 300.

In reviewing a traditional summary judgment, we determine whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); *City of Keller v. Wilson*, 168 S.W.3d 802, 822-24 (Tex. 2005)). We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *See Goodyear Tire*, 236 S.W.3d at 756 (citing *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *Spates*, 186 S.W.3d at 568).

We apply the same standard in reviewing a no-evidence summary judgment as we would in reviewing a directed verdict. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* at 582. A no-evidence summary judgment will be defeated if the nonmovant produces some evidence "raising an issue of material fact" on the elements challenged by the movant. *Id.*

We conduct a de novo review of a summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *In re Estate of Alexander*, 250 S.W.3d 461, 464

(Tex. App.—Waco 2008, pet. denied). "When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Alexander*, 250 S.W.3d at 464.

### The Partnership

Baker and the Partnership contend in their tenth issue that the court erred by granting summary judgment on the ground that they lack legal capacity to sue because the City has not filed a verified pleading challenging their capacity. *See* TEX. R. CIV. P. 93(1). However, they misconstrue this aspect of the City's summary-judgment motion.

The City argued in its summary-judgment motion that the Partnership lacks *standing* to sue because it was not a party to the contract for sale and had not yet come into existence when the alleged misrepresentation was made. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (standing may be raised at any time). "A fraud claim is personal to the defrauded party." *Vial v. Gas Solutions, Ltd.*, 187 S.W.3d 220, 227 (Tex. App.—Texarkana 2006, no pet.) (citing *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976)). Because the Partnership did not exist when the alleged misrepresentation was made, the Partnership cannot be a defrauded party in this instance. *See Nobles*, 533 S.W.2d at 927. Any fraud claim[2] arising from the alleged misrepresentation can be asserted by only Baker himself. *Id.* Thus, the Partnership

---

[2] Baker conceded at oral argument that he is abandoning his claim for breach of contract. Thus, we need not address the Partnership's standing to sue on the contract, and we do not reach Baker's ninth issue in which he challenges the City's immunity from the contract claim. *See* TEX. R. APP. P. 47.1.

lacks standing to assert a fraud claim. *See Gonzalez v. Greyhound Lines, Inc.*, 181 S.W.3d 386, 393 (Tex. App.—El Paso 2005, pet. denied). Baker's tenth issue is overruled in part.

## Capacity to Recover Damages

Baker also contends in his tenth issue that the court erred by granting summary judgment on the ground that he lacks legal capacity to recover on behalf of the Partnership because the City has not filed a verified pleading challenging his capacity. *See* TEX. R. CIV. P. 93(2).

The City argued in its summary-judgment motion that Baker "lacks standing" to recover lost profits allegedly suffered by the Partnership. However, this is an issue of capacity, not standing. *See Swinnea v. ERI Consulting Eng'rs, Inc.*, 236 S.W.3d 825, 833 (Tex. App.—Tyler 2007, no pet.); *Bossier Chrysler Dodge II, Inc. v. Rauschenberg*, 201 S.W.3d 787, 797-98 (Tex. App.—Waco 2006), *rev'd in part on other grounds*, 238 S.W.3d 376 (Tex. 2007) (per curiam); *Willis v. Donnelly*, 118 S.W.3d 10, 49 (Tex. App.—Houston [14th Dist.] 2003), *rev'd in part on other grounds*, 199 S.W.3d 262 (Tex. 2006). Baker correctly states that the City has failed to challenge his capacity by verified pleading. Thus, the City cannot complain of any lack of capacity on Baker's part to sue or recover on behalf of the Partnership. *See Pledger v. Schoellkopf*, 762 S.W.2d 145, 146 (Tex. 1988) (per curiam); *Swinnea*, 236 S.W.3d at 833; *Willis*, 118 S.W.3d at 49. Baker's tenth issue is sustained in part.

## Governmental Immunity[3]

Baker contends in his first issue that the City failed to conclusively establish its immunity from suit because the underlying transaction involved a proprietary rather than a governmental function.

"A municipality is not immune from suit for torts committed in the performance of its proprietary functions, as it is for torts committed in the performance of its governmental functions." *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). Therefore, we conduct a two-step inquiry to determine whether a municipality has immunity from suit. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 389 (Tex. App.—Fort Worth 2008, no pet.); *Ethio Express Shuttle Serv., Inc. v. City of Houston*, 164 S.W.3d 751, 754 n.4 (Tex. App.—Houston [14th Dist.] 2005, no pet.). First, we determine whether the function is governmental or proprietary. *Id.*; *see City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 776 n.4 (Tex. 2006) ("Determining whether a function is governmental in nature is critical under the Tort Claims Act, because the Act only applies when a city is acting in its governmental capacity; the Act does not apply when a city acts in its proprietary capacity."). And second, if the function is governmental, we determine whether immunity is waived under the Tort Claims Act. *Tex. Bay Cherry Hill*, 257 S.W.3d at 389; *Ethio Express Shuttle Serv.*, 164 S.W.3d at 754 n.4.

---

[3] "Sovereign immunity protects the State, state agencies, and their officers, while governmental immunity protects subdivisions of the State, including municipalities and school districts." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 n.2 (Tex. 2008).

When a representative of a municipality commits a tort in the performance of a proprietary function, the Tort Claims Act does not apply, and the municipality may be held liable to the same extent as a private entity or individual. *City of Corpus Christi v. Absolute Indus.*, 120 S.W.3d 1, 4 (Tex. App.—Corpus Christi 2001, pet. denied); *Tex. River Barges v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex. App.—San Antonio 2000, pet. denied); *see Gates v. City of Dallas*, 704 S.W.2d 737, 739 (Tex. 1986).

According to article XI, section 13(a) of the Texas Constitution, "the legislature may by law define for all purposes those functions of a municipality that are to be considered governmental and those that are proprietary, including reclassifying a function's classification assigned under prior statute or common law." TEX. CONST. art. XI, § 13(a). The Legislature did so by enacting section 101.0215 of the Civil Practice and Remedies Code. Largely following traditional common law definitions, the Legislature established the following statutory definitions for governmental and proprietary functions:

> Governmental functions are "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public."

> Proprietary functions are "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality."

TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215 (Vernon 2005); *see Tooke*, 197 S.W.3d at 343; *City of Houston v. Shilling*, 150 Tex. 387, 240 S.W.2d 1010, 1011-12 (1951).

As the Supreme Court observed in *Shilling*, "This rule is well settled. It is in the application of this rule to a particular fact situation that the difficulty arises." *Shilling*,

240 S.W.2d at 1012. Section 101.0215 provides a non-exclusive listing of thirty-nine municipal functions which are classified as either governmental or proprietary. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215. "[T]he difficulty arises" when trying to classify a municipal function not listed. *See Shilling*, 240 S.W.2d at 1012.

The City contends that the sale of the property to Baker constitutes the exercise of a governmental function because "the true crux of Baker's complaint pertains to zoning, which is clearly recognized by statute as a governmental function." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(29). In the alternative, the City contends that the sale constitutes the exercise of a governmental function because state law requires a municipality to solicit bids for the purchase of real property as the City did in this instance. *See* TEX. LOC. GOV'T CODE ANN. §§ 253.008, 272.001 (Vernon 2005); *Gen. Elec. Co. v. City of Abilene*, 795 S.W.2d 311, 312 (Tex. App.—Eastland 1990, no writ). We disagree.

The "true crux" of Baker's complaint is that the City misrepresented the zoning to induce him to purchase the property. This is a fraud claim, not a zoning dispute. *See Temple v. City of Houston*, 189 S.W.3d 816, 820-21 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (state requirement that city make payroll deductions, which the city characterized as "a governmental act," does not make City's provision of insurance benefits to employees a governmental function); *see also* TEX. BUS. & COM. CODE ANN. § 27.01(a)(1) (Vernon 2009).

In *General Electric*, the Eastland Court found that the City of Abilene was engaged in a governmental function when it solicited bids for the purchase of

communications systems for its police and fire departments. *Gen. Elec.*, 795 S.W.2d at 312. The court reached this conclusion because, as the City of Robinson argues here, the Local Government Code requires municipalities to solicit bids for certain purchases. *Id.* As such, the court relied on only one part of the definition of a governmental function, namely, a function "enjoined on a municipality by law." *Id.* (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)). However, section 101.0215(a) provides a two-part definition. Under the statute, a governmental function is one: (1) "enjoined on a municipality by law"; and (2) "given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public." TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a). Thus, we decline to follow *General Electric*.[4]

The statutory bid requirement does not, standing alone, convert the sale of the disputed property to a governmental function. *See Temple*, 189 S.W.3d at 820-21. In *Gordon v. San Antonio Water System*, the City established that the property in dispute had been used to effectuate a governmental function—provision of municipal water service. No. 04-06-00699-CV, 2007 WL 748692, at *1 (Tex. App.—San Antonio Mar. 14, 2007, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(32) (water service is a governmental function)). Thus, the San Antonio Court held that the sale of surplus property by the municipal water system was a governmental function. *Id.* Here, the summary-judgment record is devoid of any evidence regarding the use of the

---

[4]     We may have nevertheless reached the same conclusion as the court in *General Electric* because the dispute involved the purchase of equipment for the police and fire departments, and the provision of "police and fire protection and control" is a governmental function. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(1) (Vernon 2005); *see Gordon v. San Antonio Water Sys.*, No. 04-06-00699-CV, 2007 WL 748692, at *1 (Tex. App.—San Antonio Mar. 14, 2007, pet. denied) (sale of surplus property used for municipal water service was a governmental function).

disputed property. Robinson City Manager Richard Fletcher provided deposition testimony that the City accepted the donation of the property because the City was "sorely in need of space for office space." However, the record contains no evidence that the contemplated "office space" was to be used for a governmental function.

Accordingly, the City failed to conclusively establish that the sale of the disputed property to Baker constitutes the exercise of a governmental function.[5] Baker's first issue is sustained.

**Limitations**

Baker contends in his eighth issue that the City failed to conclusively establish that his fraud claim is barred by limitations.

A four-year statute of limitations applies to Baker's fraud claim. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (Vernon 2002); *Exxon Corp. v. Emerald Oil & Gas Co.*, 52 Tex. Sup. Ct. J. 467, 2009 WL 795668, at *7 (Tex. Mar. 27, 2009). "The statute of limitations for fraud begins to run from the time the party knew of the misrepresentation." *Exxon Corp.*, 2009 WL 795668, at *7. Baker presented deposition testimony that he first learned that the zoning for the property was not as represented when he received a letter to this effect from Lankford in February 2004. He filed this suit in January 2006. Therefore, the City failed to conclusively establish that his suit is barred by limitations. Baker's eighth issue is sustained.

---

[5] The City argues that Baker has waived any argument that the sale of the property was a proprietary function because Baker did not make this assertion in his summary-judgment response. However, it was the City's burden to conclusively establish that this was a governmental function. *See Jennings*, 142 S.W.3d at 315; *see also Science Spectrum*, 941 S.W.2d at 911; *Johnson*, 188 S.W.3d at 300. Thus, Baker had no burden of persuasion as non-movant unless and until the City met its own burden. *Rhône-Poulenc*, 997 S.W.2d at 222-23; *Johnson*, 188 S.W.3d at 300.

## Evidentiary Objections

Baker contends in his fourth and fifth issues respectively that the court abused its discretion by sustaining the City's objections to statements in his affidavit concerning (1) his belief about the zoning for the property and (2) the zoning in effect at the time the building was constructed. We address these issues at this juncture because they impact our review of the merits of Baker's fraud claim. *See Torres v. GSC Enters.*, 242 S.W.3d 553, 557 (Tex. App.—El Paso 2007, no pet.); *Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 240 (Tex. App.—Waco 2003, no pet.).

Baker's fourth issue challenges the court's ruling that the following statement in his affidavit is inadmissible, "Based upon the layout of the structure and its previous use, it has been and continues to be my belief that the proper zoning for the structure is 'commercial.'" The City objected that this statement was conclusory.

Summary-judgment evidence is considered "conclusory" if it "does not provide the underlying facts to support the conclusion." *Choctaw Props.*, 127 S.W.3d at 242 (quoting *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)) (other citations omitted). Here, the objected-to statement provides the underlying facts to support Baker's belief or opinion about the zoning for the property. Namely, he based his opinion on "the layout of the structure and its previous use." While his opinion has been proved incorrect, this does not mean that his opinion did not have a factual basis. Rather, Baker's knowledge and understanding is relevant

to the issue of whether he reasonably relied on the City's alleged representation.[6]  *See, e.g., Lundy v. Masson*, 260 S.W.3d 482, 493-94 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Matis v. Golden*, 228 S.W.3d 301, 311 (Tex. App.—Waco 2007, no pet.).  Thus, the court abused its discretion by sustaining the City's objection to this statement in Baker's affidavit.  *See Choctaw Props.*, 127 S.W.3d at 242-43.  Baker's fourth issue is sustained.

Baker's fifth issue challenges the court's ruling that a 1955 zoning ordinance attached to his deposition was not properly authenticated and irrelevant.  Baker stated in his affidavit:

> As a resident of the City of Robinson, a former employee of Robinson city government and a developer, I am somewhat familiar with the various zoning ordinances for the city of Robinson.  Attached hereto as an exhibit (Attachment "A-2") to this Affidavit is a true and correct copy of the zoning provision in place at the time the Robinson Nursing Home was originally constructed.

A document may be authenticated by "[t]estimony that a matter is what it is claimed to be."  TEX. R. EVID. 901(b)(1).  Baker's affidavit establishes the basis for his familiarity with Robinson zoning ordinances and states that the attached ordinance is "a true and correct copy" of the 1955 ordinance.  This sufficiently authenticated the document in question.  *See Daimler-Benz Aktiengesellschaft v. Olson*, 21 S.W.3d 707, 717 (Tex. App.—Austin 2000, pet. dism'd w.o.j.); *E.P. Operating Co. v. Sonora Exploration Corp.*, 862 S.W.2d 149, 154 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

We have already explained how Baker's knowledge and understanding is relevant to the issue of whether he reasonably relied on the City's alleged

---

[6]    A plaintiff's reliance must be reasonable or justifiable to sustain a statutory fraud claim under section 27.01.  *See TCA Bldg. Co. v. Entech, Inc.*, 86 S.W.3d 667, 674 (Tex. App.—Austin 2002, no pet.).

representation.  The basis for his knowledge and understanding is likewise relevant. *See* TEX. R. EVID. 401.  Baker's fifth issue is sustained.

## Fraud

Baker's second, third, sixth, and seventh issues address various elements of his statutory fraud claim.  This Court has delineated the elements of a fraud claim under section 27.01 of the Business and Commerce Code.  *See Fletcher v. Edwards*, 26 S.W.3d 66, 77 (Tex. App.—Waco 2000, pet. denied).  In such a case, the plaintiff must establish:

- a false representation of a material fact;

- made to induce a person to enter a contract; and

- relied on by that person in entering the contract.

*Id.* (citing TEX. BUS. & COM. CODE ANN. § 27.01(a)(1)).

### *Intent to Deceive*

Baker contends in his second issue that "intent to deceive" is not an element of a fraud claim under section 27.01 and that the court erred to the extent it granted summary judgment on this ground.

"Intent to deceive" is an element of a common law fraud claim.  *Bank One, Tex., N.A. v. Stewart*, 967 S.W.2d 419, 444 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *accord Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47-48 (Tex. 1998); *Tex. S. Univ. v. State Street Bank & Trust Co.*, 212 S.W.3d 893, 914 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see also Priddy v. Rawson*, 282 S.W.3d 588, 600 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (proof of "actual fraud" under

article 2.21(A)(2) of the Texas Business Corporation Act[7] "involves dishonesty of purpose or intent to deceive"). "Intent to deceive" is not an element of a fraud claim under section 27.01. *See* TEX. BUS. & COM. CODE ANN. § 27.01(a)(1); *Fletcher*, 26 S.W.3d at 77.

The City contends that Baker should have specially excepted to its motion to raise this complaint on appeal. "An exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) (plurality op.); *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 467 (Tex. App.—Dallas 2009, pet. denied). However, no exception is necessary "to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support the summary judgment." *McConnell*, 858 S.W.2d at 342 (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)); *McMahon Contracting*, 277 S.W.3d at 467.

Baker does not contend that this ground of the City's motion is vague or ambiguous. Rather, he contends that this ground is irrelevant. No exception was necessary to pursue this complaint on appeal. *See id.* Baker's second issue is sustained.

*Misrepresentation*

Baker contends in his third issue that a genuine issue of material fact remains on the question of whether the City made a false representation to him regarding the zoning of the property. The City responds that: (1) Baker affirmatively stated in his

---

[7]    *See* TEX. BUS. CORP. ACT ANN. art. 2.21(A)(2) (Vernon 2003).

deposition testimony that he could not recall the City having made any misrepresentation about the property; (2) he offered only conclusory evidence regarding the alleged misrepresentation; and (3) any representation by a City officer, agent or employee is not binding on the City as a matter of law.

The City refers to Baker's deposition testimony in which the City's attorney asked him whether, before the sale, the City had misrepresented anything to him about the property. He replied, "I don't recall specifically about this piece of property that they [misrepresented]." However, Baker also testified in his deposition that the City "sold the property to me as commercial property."

An appraisal report attached to Baker's summary-judgment response unequivocally states that the property was zoned "Class F1-Commercial." Baker's summary-judgment response states, "Baker does not believe there was a copy of an appraisal contained in the bid packet, but he was given an appraisal report at the time of closing." Baker similarly states in his supporting affidavit (to which the appraisal report is attached as an exhibit), "My best recollection is that this appraisal report was not a part of the bid package given out by the city of Robinson, but was given to me at the closing of the subject property." *See City of Coppell v. Waltman*, 997 S.W.2d 633, 638-39 (Tex. App.—Dallas 1998, pet. denied) (City met summary-judgment burden in part with affidavit based on officer's "best recollection").

In his summary-judgment response and deposition testimony offered to support it, Baker states that he was later informed by Lankford in 2004 that the zoning for the property was single-family residential rather than commercial.

The deposition testimony to which the City refers is not conclusive. Baker was not asked whether any misrepresentation was made with regard to zoning. He could have construed the question as asking whether any misrepresentation was made with regard to the condition of the property or its location or value. And even assuming this testimony conflicts with the other evidence concerning the representation that the property was zoned commercial, such a conflict creates a fact issue which will defeat a summary-judgment motion.

> If a party provides inconsistent or conflicting summary judgment proof, that party has created a fact issue for the trier of fact to resolve. As the Supreme Court has stated, "If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted."

*Thompson v. City of Corsicana Hous. Auth.*, 57 S.W.3d 547, 557-58 (Tex. App.—Waco 2001, no pet.) (quoting *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965)) (other citations omitted); *accord Pierce v. Washington Mut. Bank*, 226 S.W.3d 711, 717-18 (Tex. App.—Tyler 2007, pet. denied).

Nevertheless, the City contends that any representation made to Baker regarding the zoning of the property is not binding on the City. The City cites four cases in which it was held that certain representations were not (or would not be) binding on a municipality. We believe these cases are each distinguishable.

In *Sheffield Development Co. v. City of Glenn Heights*, 140 S.W.3d 660 (Tex. 2004), a developer met several times with various city officials to advise them of his development plans and to obtain assurances that the existing zoning would not change. *Id.* at 664. Nevertheless, the City later rezoned the property. *Id.* at 666. The Court

observed in dicta that, even though no City employee ever promised Sheffield that there would be no change in zoning, such a promise would not have been binding on the City. *Id.* at 678.

In *City of Pharr v. Pena*, 853 S.W.2d 56 (Tex. App.—Corpus Christi 1993, writ denied), a landowner filed an inverse condemnation suit claiming that the City's rezoning of his property from commercial to residential was a taking because it prohibited him from continuing to operate a junkyard on the property. *Id.* at 59. Among other things, Pena argued that City officials represented to him that he would be able to obtain any necessary permits or zoning to continue to operate his business. *Id.* at 61. The Court held, however, "statements or assurances regarding zoning made by individual members of the city council, board or commission are not binding and do not give private property owners a vested right to the use or disposal of their property so as to deny the city the exercise of its police power." *Id.* at 62.

The other two cases cited by the City likewise involved promises or assurances of future action or non-action by city officials. *See Cook v. City of Addison*, 656 S.W.2d 650, 657 (Tex. App.—Dallas 1983, writ ref'd n.r.e.); *City of Farmers Branch v. Hawnco, Inc.*, 435 S.W.2d 288, 292 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.). And in both cases, the courts held that such promises or assurances were not binding on the municipalities. *Id.*

The cases cited stand for the unremarkable proposition that a municipality cannot be bound by the promise of a city official or employee to take a certain action or refrain from taking some action in the future. *See Sheffield Development Co.*, 140 S.W.3d at 678 & n.89; *Pena*, 853 S.W.2d at 62; *Cook*, 656 S.W.2d at 657; *Hawnco*, 435 S.W.2d at 292.

Here, however, the alleged representation concerned the existing zoning of the property and not an assurance that such zoning would not change in the future or that more favorable zoning would be approved in the future.

Viewed in the light most favorable to Baker, a person on behalf of the City represented to him that the property was zoned commercial when in fact it was zoned single-family residential. Thus, a genuine issue of material fact remains on the question of whether a misrepresentation was made to Baker regarding the zoning for the property. Baker's third issue is sustained.

*Reliance*

Baker contends in his sixth issue that a genuine issue of material fact remains on the question of whether he relied on the alleged misrepresentation. The City responds that: (1) he offered no summary-judgment evidence to support this element of his claim; (2) he cannot establish reliance because he is presumed to know the City's ordinances and thus be aware of existing zoning; (3) the contract for sale contains an express disclaimer of reliance and a merger clause; and (4) the deed is expressly made subject to existing zoning.

Baker cites *In re Estate of Anderson*, No. 13-07-00112-CV, 2008 WL 3984653, at *3 (Tex. App.—Corpus Christi Aug. 25, 2008, pet. denied) (mem. op.), for the proposition that the issue of reliance is "not susceptible to being readily controverted" and thus "inappropriate for summary judgment." *Accord Drew v. Harrison County Hosp. Ass'n*, 20 S.W.3d 244, 249 (Tex. App.—Texarkana 2000, no pet.) ("Summary judgment should not be granted when the cause of action depends on proof of facts not ordinarily subject to

absolute verification or denial, *e.g.*, intent, reliance, reasonable care, or uncertainty.")
(quoting *Wofford v. Blomquist*, 865 S.W.2d 612, 614 (Tex. App.—Corpus Christi 1993, writ
denied)).

We accept these authorities insofar as they support the general proposition that a
movant who files a traditional summary-judgment motion cannot conclusively establish
his entitlement to judgment on a claim which "depends on proof of facts not ordinarily
subject to absolute verification or denial." *See id.* However, when a no-evidence motion
is filed challenging the existence of such facts, it remains incumbent upon the non-
movant to produce some evidence "raising an issue of material fact" on the challenged
element. *See Mack Trucks*, 206 S.W.3d at 582; *see also, e.g., Wayment v. Tex. Kenworth Co.*,
248 S.W.3d 883, 886 (Tex. App.—Dallas 2008, no pet.) (addressing no-evidence
summary judgment motion in response to which non-movant "presented no evidence
of reliance"). Baker has satisfied this burden.

He states in his summary-judgment affidavit that he bought the property to
convert the building to apartments for senior citizens. He also states that the property
is "immediately adjacent to a commercial zone" and that he believes the "proper
zoning" for the property to be commercial based on "the layout of the structure and its
previous use." He testified in his deposition that he "assumed" the property was zoned
commercial because of its 30 or more years of use as a nursing home. Finally, he
testified in his deposition that the City "sold the property to me as commercial
property" and the appraisal report which was given to him affirmatively states that it
was so zoned.

Viewing this in the light most favorable to Baker, one could reasonably infer that Baker purchased the property because it was represented to be zoned commercial (which was also consistent with his understanding of the property's zoning) and that, because of his intended use for the property, he would not have otherwise purchased the property. Thus, genuine issues of material fact remain on the question of whether Baker relied on the City's alleged representation regarding the zoning for the property.

Nevertheless, the City contends that Baker cannot claim to have relied on this representation because he is presumed to know the City's zoning ordinances. *See Trail Enters. v. City of Houston*, 957 S.W.2d 625, 634 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). The City cites *Texas Jurisprudence* for the proposition that "[a] misrepresentation that entitles a person to relief from fraud must refer to some fact unknown to that person." 41 TEX. JUR. 3D *Fraud and Deceit* § 49 (1998). *Texas Jurisprudence* cites the decision of the Austin Court of Civil Appeals in *Jones v. Herring*, 16 S.W.2d 325 (Tex. Civ. App.—Austin 1929, writ dism'd), as support for this proposition. In *Jones*, the court observed, "The law is well settled that misrepresentations entitling one to relief must be in reference to some material thing unknown to the purchaser." *Id.* at 328.

The City relies on a presumption of knowledge of the applicable zoning to conclusively establish that Baker knew the applicable zoning. However, a "presumption is not evidence and vanishes when positive evidence to the contrary is introduced." *Vibbert v. PAR, Inc.*, 224 S.W.3d 317, 321 (Tex. App.—El Paso 2006, no pet.); *accord Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam).

Baker presented summary-judgment evidence indicating that he believed the property was zoned commercial. Viewed in a light most favorable to him, this evidence of his knowledge or belief caused the presumption of knowledge relied on by the City to vanish. *Id.*

Next, the City contends that the disclaimer of reliance and the merger clause in the contract for sale are binding on Baker and preclude him from recovering on his fraud claim. Under appropriate circumstances, a contractual disclaimer of reliance or a merger clause may bar a fraud claim. *See Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 60 (Tex. 2008); *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). To determine whether such a provision is binding, we "must always examine the contract itself and the totality of the surrounding circumstances." *Forest Oil*, 268 S.W.3d at 60. The factors we consider in this regard include: (1) whether the terms of the contract were negotiated rather than boilerplate; (2) whether the parties specifically discussed the issue which is the basis for the subsequent dispute; (3) whether the plaintiff was represented by counsel; (4) whether this was an arm's length transaction; (5) whether the plaintiff was knowledgeable in business matters; and (6) whether the language of the disclaimer or merger clause is clear. *Id.*

Baker testified that he was not represented by counsel during the bidding process or at closing. There is no indication in the summary-judgment record that he negotiated any of the terms of the contract other than the purchase price. Aside from a comment about zoning Baker made at closing, there is nothing in the record to indicate

the parties discussed the zoning of the property before the City prepared the contract. And this appears to have been an arm's length transaction.

Conversely, Baker has some knowledge of business matters as a real estate developer and some specific experience in dealing with the City in property transactions. In addition, the language employed in the disclaimer and in the merger clause is clear and unambiguous.

After considering the factors listed in *Forest Oil* and viewing the pertinent evidence in the light most favorable to Baker, we must conclude that the City failed to conclusively establish that either the disclaimer of reliance or the merger clause precludes Baker's fraud claim. *See Garza v. CTX Mortgage Co.*, 285 S.W.3d 919, 927 (Tex. App.—Dallas 2009, no pet.); *Fletcher*, 26 S.W.3d at 77.

Finally, the City argues that the provision in the City's deed to Baker declaring the conveyance to be subject to "all zoning laws, regulations and ordinances of municipal or other governmental authorities" bars his fraud claim. We disagree. This provision is standard boilerplate language. Baker produced evidence that the City represented to him that the applicable zoning for the property was commercial. This provision poses no more of a bar to Baker's claim than do the disclaimer of reliance and the merger clause in the contract for sale. *Id.*

Baker's sixth issue is sustained.

## *Damages*

Baker contends in his seventh issue that a genuine issue of material fact remains on the issue of damages, citing in particular his evidence of lost profits. The City

responds that, even if the property was zoned commercial as it allegedly represented, Baker would not have been able to lease any of the apartments until the zoning had been changed to multi-family residential.

Baker presented summary-judgment evidence that the property had been used as a nursing home for more than 30 years and was zoned commercial during that time period. He presented evidence that the City represented to him that the property was zoned commercial when he purchased it. He also presented evidence that he relied on this representation and commenced renovations less than six months after closing. Finally, he presented deposition testimony regarding lost rents suffered from the delay in being able to lease the apartments.

Baker's claim for lost rents is a claim for special damages. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 933 (Tex. 1983); *Cathey v. Meyer*, 115 S.W.3d 644, 663 (Tex. App.—Waco 2003), *rev'd in part on other grounds*, 167 S.W.3d 327 (Tex. 2005) (per curiam). Baker must establish that his damages were proximately caused by the City's misrepresentation. *Cathey*, 115 S.W.3d at 663. This means that he must establish that "the fraud was a substantial factor in bringing about the damages, without which the damages would not have occurred." *Id.*; *see LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam) ("The test for cause-in-fact, or 'but-for' causation, is whether (1) the act or omission was a substantial factor in causing the injury and (2) without the act or omission the harm would not have occurred.).

The City focuses on the evidence that Baker would not have been able to lease the apartments when they were finished even if they had been commercially zoned.

But this focus ignores the reasonable inference from Baker's evidence that he would not have purchased the property in the first instance if its actual zoning had been properly represented to him.

We must disregard evidence contrary to the non-movant's position unless reasonable jurors could not. *See Mack Trucks*, 206 S.W.3d at 582. Viewing the evidence in the light most favorable to Baker and resolving all reasonable inferences in his favor, a genuine issue of material fact remains on the question of whether Baker would have purchased the property but for the City's alleged misrepresentation and thus whether such misrepresentation was a cause-in-fact of his lost rents. *See Cathey*, 115 S.W.3d at 663. Baker's seventh issue is sustained.

## Conclusion

As the summary-judgment movant, the City conclusively established Doye Baker, L.P.'s lack of standing, and we affirm the judgment on this issue. Because Baker has abandoned his contract claim, we leave that portion of the trial court's judgment undisturbed. The City failed to conclusively establish its claim of governmental immunity as to Baker's fraud claim, and genuine issues of material fact remain on the challenged elements of that claim. Therefore, we reverse the judgment on Baker's fraud claim and remand this cause to the trial court for further proceedings consistent with this opinion.

MARTHA JANE TRUDO
Judge

Before Justice Reyna,
        Justice Davis, and
        Judge Trudo[8]
Affirmed in part,
        Reversed and remanded in part
Opinion delivered and filed December 2, 2009
[CV06]

---

[8]     The Honorable Martha Jane Trudo, Judge of the 264th District Court of Bell County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code.  *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).